OPINION
{¶ 1} Appellant, Kyle J. Stanley, appeals from the judgment entry of the Portage County Municipal Court, Kent Division, overruling his motion to suppress evidence. We affirm. *Page 2 
 {¶ 2} In the early morning hours of September 7, 2007, a crowd of fifty to one hundred people gathered outside of Mugs Bar in Kent, Ohio. The crowd was highly unruly and several fights had broken out. Approximately 5 or 6 Kent City police officers were dispatched to control the disturbance. Officer Mike Lewis had just arrived in his cruiser when he observed appellant's vehicle passing the crowd. The officer's attention
was drawn to appellant's vehicle by the "uprising created by his passenger." Officer Lewis testified that, as the vehicle passed, appellant's passenger, Jessica Barbee, stuck her arm out of the window, raised her middle finger, and waived it at the crowd. The officer stated the gesture "incited the already unruly crowd" and created an even greater disturbance than had previously existed. Officer Lewis subsequently stopped the vehicle, which had violated no traffic laws, in order to issue Ms. Barbee a citation for disorderly conduct.
 {¶ 3} Upon approaching the vehicle, the officer advised appellant why he stopped him. However, after speaking with appellant, Officer Lewis noticed appellant's speech was slurred and his eyes were "glossy" and bloodshot. The officer further noticed a strong odor of alcoholic beverage projecting from the vehicle. Appellant additionally admitted to consuming two beers. The officer asked appellant to exit his vehicle to submit to field sobriety tests, all of which he failed. Appellant was subsequently arrested for operating a vehicle under the influence of alcohol (OVI). Appellant later refused a breathalyzer test.
 {¶ 4} Appellant was issued a traffic ticket charging him with OVI in violation of R.C. 4511.19(A)(1)(a). Appellant pleaded not guilty and moved the trial court to suppress evidence of the traffic stop. On October 29, 2007, the matter proceeded to hearing after which the trial court overruled the motion. Appellant eventually pleaded no contest to the charge. The trial court found appellant guilty and sentenced him to 180 days in jail, a fine of $1000 and driver's license suspension for one year. The trial court suspended 174 days of the jail time and $750 of the fine.
 {¶ 5} Appellant now appeals asserting one assignment of error: *Page 3 
 {¶ 6} "The trial court erred to the prejudice of Mr. Stanley when it denied Mr. Stanley's motion to suppress all evidence flowing from the illegal stop of his vehicle on September 7, 2007."
 {¶ 7} An appellate court reviewing a trial court's decision denying a motion to suppress must review the facts only for clear error and accept the trial court's factual findings where they are supported by competent, credible evidence. State v. Bokesch, 11th Dist. No. 2001-P-0026, 2002-Ohio-2118, at ¶ 12. Deference is given to the trial court's factual determinations because, during the suppression hearing, it assumes the role of trier of fact and, thus, is situated in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. After accepting the trial court's factual conclusions, a reviewing court must assess whether the facts meet the appropriate legal standards without deference to the trial court's conclusion. State v. Medcalf (1996),111 Ohio App.3d 142, 145.
 {¶ 8} Appellant alleges multiple issues under his sole assignment of error. He first argues that the stop of his vehicle was objectively unreasonable because it was supported merely by the arresting officer's observation of a passenger making an obscene gesture out of the vehicle's open window.
 {¶ 9} "A stop is constitutional if it is supported by either a reasonable suspicion or probable cause." State v. Molek, 11th Dist. No. 2001-P-0147, 2002-Ohio-7159, at ¶ 25. In order to initiate an investigative stop, a police officer is required to cite specific, articulable facts that give rise to reasonable suspicion of reasonable behavior. Terry v. Ohio (1968), 392 U.S. 1, 21. Alternatively, "[p]robable cause for a warrantless arrest exists when the arresting officer has within his knowledge facts and circumstances that amount to reasonable and trustworthy information sufficient to warrant a prudent *Page 4 
[person] in believing that a crime or offense had been or is being committed and that the person to be arrested is the probable offender."State v. Kobi (1997), 122 Ohio App.3d 160, 169, citing, Beck v.Ohio (1964), 379 U.S. 89. Probable cause is a flexible, common sense standard dealing with probabilities, not certainties. See Texas v.Brown (1983), 460 U.S. 730, 735; see, also, Brinegar v. UnitedStates (1949), 338 U.S. 160, 175. In determining whether an officer has probable cause, a reviewing court must analyze the totality of the circumstances. State v. Brown, 11th Dist. No. 2006-L-040, 2007-Ohio-464, at ¶ 22.
 {¶ 10} The facts and circumstances of the stop of appellant's vehicle are as follows: Officer Lewis testified he was dispatched to a bar in Kent, to assist with a large disturbance. According to Officer Lewis, between 50 and 100 people had convened in front of the bar at or near closing time and there were "some fights going on." He, along with 5 or 6 other officers had arrived to control the melee when his attention was directed at appellant's car. According to the officer, Jessica Barbee, a passenger in the vehicle, had reached her arm out of the window and had waived her middle finger at the crowd. The officer testified the gesture further incited the crowd causing the unstable situation to enflame further. Based upon his observation, he pursued the vehicle with the intention of citing Ms. Barbee with disorderly conduct.
 {¶ 11} The Codified Ordinance of Kent, Section 509.03(a)(2), under which Ms. Barbee was ultimately cited, provides, in relevant part
 {¶ 12} "(a) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 {¶ 13} "* * * *Page 5 
 {¶ 14} "(2) Making unreasonable noise or offensively course utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person which by its very utterance or usage inflicts injury or tends to incite an immediate breach of the peace;"
 {¶ 15} A person acts recklessly "when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).
 {¶ 16} The facts of this case reveal that Officer Lewis could reasonably believe that the foregoing crime had been committed by Ms. Barbee. He observed Ms. Barbee make what could reasonably be construed as an offensively coarse gesture to a truculent assemblage of inebriates. The officer also testified the gesture further incited the already frenzied crowd. Given the time of night, the excessive gathering of individuals outside the bar, and the visible presence of law enforcement, the officer could reasonably conclude that Ms. Barbee acted recklessly in displaying her middle finger to the crowd, i.e., one could reasonably conclude Ms. Barbee acted with heedless indifference to the consequences thereby perversely disregarding the obvious risk that the gesture would serve to provoke and further vex the group. We therefore hold the officer possessed probable cause to stop appellant's vehicle for purposes of issuing Ms. Barbee a citation.
 {¶ 17} Appellant points out that there was no specific proof, other than Officer Lewis' testimony, that Ms. Barbee's gesture incited "an already unruly crowd." Appellant's argument implies the officer needed proof sufficient to reach a conviction on the charge for purposes of measuring probable cause. Such a suggestion misunderstands the concept of probable cause. The probable cause calculus does not *Page 6 
require absolute certainties or full proof of guilt; it merely requires facts and circumstances that would warrant a reasonable police officerto believe that an offense had been committed. We hold the officer's account of the facts and circumstances which led to the ultimate stop meets this test.
 {¶ 18} Although appellant does not expressly take specific issue with the validity of his arrest for OVI, we shall, for purposes of continuity, briefly address the issue. As indicated above, an officer needs probable cause to arrest a party without a warrant. Beck, supra, at 91. However, an officer needs only reasonable suspicion to stop an individual for investigatory purposes. Terry, supra, at 21-22. The purpose of an investigatory stop is to allow a police officer to confirm or dispel suspicions of criminal activity through reasonable questioning. United States v. Hickman (C.A. 9, 1975), 523 F.2d 323, 327. Whether reasonable suspicion exists for an investigatory stop must be determined in light of the totality of the circumstances confronting a police officer, including all information available to the officer at the time the decision to stop is made. See, e.g., United States v.Cortez (1981), 449 U.S. 411, 417-418.
 {¶ 19} Here, after stopping appellant's car, the officer advised appellant of his reason for stopping him, i.e., to issue a citation to Ms. Barbee for disorderly conduct. After briefly conversing with appellant, however, Officer Lewis noticed appellant had glassy, bloodshot eyes, slurred speech, and further perceived a strong odor of alcohol emanating from the vehicle. Appellant additionally admitted to having "a couple of beers." From these facts, the officer had reasonable, articulable suspicion to further investigate appellant for OVI via the administration of field sobriety tests.
 {¶ 20} After conducting three field sobriety tests, each of which the officer testified appellant failed, Officer Lewis determined appellant was intoxicated and unable *Page 7 
to operate the vehicle safely. The officer testified in great detail as to the manner in which he conducted the field sobriety tests. Our review of the record indicates the officer substantially complied with the NHTSA manual in his administration of the tests. Given the totality of the circumstances, we therefore hold Officer Lewis possessed the requisite probable cause to arrest appellant for OVI.
 {¶ 21} Appellant next argues the trial court erred in improperly shifting the burden of proof from the state to the defense regarding the arresting officer's qualifications to conduct a B.A.C. test. We disagree.
 {¶ 22} We initially point out that appellant refused a breathalyzer test and, as a result, Officer Lewis' formal B.A.C. certification documents were irrelevant. The issue of whether a breathalyzer operator possesses proper certification pursuant to the Ohio Administrative Code is relevant only to the extent a defendant actually consents to (and, generally fails) the test.
 {¶ 23} Relevance aside, Officer Lewis testified on direct examination that he was properly certified to administer B.A.C. Datamaster tests. On cross-examination, defense counsel queried whether the officer had his operator's certification to administer such a test. Defense counsel and the trial judge had a brief exchange regarding the relevancy of the question. The court then asked counsel whether she subpoenaed the certification. Counsel responded in the negative. The court subsequently concluded that the state had met its burden of production through the officer's testimony and, as a result, the burden was now on the defense.
 {¶ 24} Appellant interprets the trial court's conclusion as an illegal form of burden shifting and seeks a reversal of the court's decision denying his motion to suppress. *Page 8 
We recognize that appellant raised the issue of the officer's certification in his motion to suppress. However, appellant failed to seek to discover this readily available evidence.
 {¶ 25} To provide the state adequate notice of matter at issue in a motion to suppress, the defendant is required to state with particularity the grounds upon which it is made and shall set forth the relief or order sought. See, e.g., State v. Shindler, 70 Ohio St.3d 54, at syllabus, 1994-Ohio-452. In State v. Hernandez-Rodriguez, 11th Dist. No. 2006-P-0121, 2007-Ohio-5200, this court recently held that, in order to properly support a motion to suppress with particular facts that would give the state sufficient notice, a defendant must first engage in diligent discovery on all matters which he intends to challenge. Id. at ¶ 49, citing State v. Neuhoff (1997), 119 Ohio App.3d 501, 506. In other words, in order to require the state to respond specifically and particularly to issues raised in a suppression motion, a defendant must raise the issues that can be supported by facts, either known ordiscovered, that are specific to the matters at issue.Hernandez-Rodriguez, supra, at ¶ 51, citing, State v. Embry, 12th Dist. No. CA2003-11-110, 2004-Ohio-6324, at ¶ 29. A defendant's failure to attempt to discover factual support for his motion to suppress relating to the state's compliance with the Ohio Administrative Code relieves the state of any burden to respond to the defendant's allegations with anything more specific than general testimony regarding the officer's compliance. Hernandez-Rodriguez, supra, at ¶ 53.
 {¶ 26} As appellant failed to seek discovery and/or subpoena Officer Lewis' certification, the state was not required to go beyond the officer's basic testimony that he was certified to meet its burden of production. We therefore agree with the trial court's ruling and hold appellant's argument lacks merit. *Page 9 
 {¶ 27} Appellant's final argument asserts that the trial court reached its decision denying appellant's motion to suppress relying, in part, upon evidence outside the record. To wit, Ms. Barbee testified that the sidewalk location where Officer Lewis conducted appellant's field sobriety tests was uneven. In light of this testimony, the trial court, from the bench, observed: "I was sitting here looking at the Pufferbelly sidewalk. It looks pretty level. What would be wrong with the sidewalk? It looks like it's fairly smooth. I'm looking out the window at it right now." Because of this comment, appellant argues the trial court's judgment entry overruling his motion to suppress was based upon facts not submitted in evidence. We disagree.
 {¶ 28} We first point out that the legal premise of appellant's argument is accurate. That is, it is an abuse of discretion for a court to conduct its own investigation and consider its own observations as evidence in deciding a case. See, e.g., Columbus v. Carter (1943), 71 Ohio App. 263, 271. Notwithstanding this prohibition, the trial court's error was harmless under the circumstances of this case because there was already evidence within the record indicating the sidewalk at issue was flat. A review of the transcript of the suppression hearing reveals Officer Lewis testified the tests took place "on the sidewalk in front of the Pufferbelly. It is a smooth, flat surface." This testimony clearly demonstrates there was evidence before the court supporting the pavement was, in fact, level. Even though the trial court made a comment based upon its own independent observations, the record did contain evidence of smooth quality of the pavement. As a result, any legal conclusion relating to the flatness of the surface on which the field sobriety tests took place can be traced to the record.
 {¶ 29} Moreover, defense counsel failed to object to the trial court's comment. In response to the court's statement relating to the smoothness of the sidewalk, defense *Page 10 
counsel noted that "the testimony indicated otherwise." Failure to object operates as a forfeiture of all but plain errors. State v.Payne, 114 Ohio St.3d 502, 506, 2007-Ohio-4642. A plain error is one affecting a party's substantial rights. Id. at 505. Such an error exists when it affects the outcome of the case. Id. As indicated above, the trial court did err through its sua sponte investigation of and subsequent comments relating to the condition pavement. However, because there was evidence in the record relating to the flatness of the pavement, that error is harmless.
 {¶ 30} Appellant's sole assignment of error is accordingly overruled.
 {¶ 31} For the reasons discussed in this opinion, the Portage County Municipal Court, Kent Division, is hereby affirmed.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1