[Cite as *State v. Jenkins*, 2016-Ohio-5190.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 15CA010826 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TERRELL JENKINS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 13CR087229 |

DECISION AND JOURNAL ENTRY

Dated: August 1, 2016

HENSAL, Judge.

{¶1} Terrell Jenkins appeals a judgment of the Lorain County Court of Common Pleas that denied his motion to suppress. For the following reasons, this Court affirms.

I.

{¶2} Sergeant Neil Laughlin testified that he was on patrol on the evening of May 1, 2013, when he noticed a vehicle change lanes without using its turn signal. He stopped the vehicle and approached it on the passenger side. As he got closer to the vehicle, he noticed the person in the passenger seat making a number of frantic movements. When he got to the front passenger window, which was open, he immediately smelled a strong odor of marijuana. The smell was so intense that he thought the marijuana must have been smoked very recently. He radioed to his partner for assistance then spoke to the occupants of the vehicle. There was a woman in the driver's seat and Mr. Jenkins was in the passenger seat. There was also a man in the back seat.

{¶3} Sergeant Laughlin got the individuals out of the vehicle one at a time and spoke to them separately. His suspicions about the vehicle grew when each of the individuals gave him different information about where they were going. After other officers arrived, they searched the vehicle and found cocaine under the front passenger seat.

{¶4} The Grand Jury indicted Mr. Jenkins for trafficking in drugs, possession of drugs, and illegal use or possession of drug paraphernalia. Mr. Jenkins moved to suppress the evidence found during the stop, arguing that Sergeant Laughlin did not have lawful cause to stop or search the vehicle. He also argued that any statements he made to law enforcement were obtained in violation of his *Miranda* rights. Following a hearing on his motion, the trial court denied it. Mr. Jenkins subsequently pleaded no contest to the indictment. The trial court found him guilty of the offenses, and sentenced him to three years imprisonment. Mr. Jenkins has appealed the denial of his motion to suppress.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING MR. JENKIN'S (SIC) MOTION TO SUPPRESS SINCE THERE IS INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT A FINDING THAT THE STATE TROOPER HAD A REASONABLE AND ARTICULABLE SUSPICION OR PROBABLE CAUSE THAT MR. JENKINS WAS VIOLATING ANY LAWS.

{¶5} Mr. Jenkins argues that the trial court should have granted his motion to suppress because Sergeant Laughlin's stop of the vehicle was not based on reasonable and articulable suspicion. A motion to suppress presents a mixed question of law and fact:

When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently

determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶6} Although a police officer generally may not seize a person within the meaning of the Fourth Amendment unless he has probable cause to arrest him for a crime, "not all seizures of the person must be justified by probable cause * * *." *Florida v. Royer*, 460 U.S. 491, 498 (1983). "A police officer may stop a car if he has a reasonable, articulable suspicion that a person in the car is or has engaged in criminal activity." *State v. Kodman*, 9th Dist. Medina No. 06CA0100-M, 2007-Ohio-5605, ¶ 3, citing *State v. VanScoder*, 92 Ohio App.3d 853, 855 (9th Dist.1994). "The purpose of an investigatory stop is to allow a police officer to confirm or dispel suspicions of criminal activity through reasonable questioning." *State v. Stanley*, 11th Dist. Portage No. 2007-P-0104, 2008-Ohio-3258, ¶ 18, citing *United States v. Hickman*, 523 F.2d 323, 327 (9th Cir.1975)). Before initiating such a stop, a "police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). "[I]t is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" *Id*. at 21-22, quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925).

{¶7} According to Sergeant Laughlin, he stopped the vehicle that Mr. Jenkins was travelling in because it failed to use a turn signal when it was changing lanes on a highway. Ohio Revised Code Section 4511.39(A) provides that "[n]o person shall * * * move right or left upon a highway * * * without giving an appropriate signal * * *." The Ohio Supreme Court has held that an officer may stop a vehicle if he has reasonable and articulable suspicion that the

driver has committed a traffic violation. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 8.

{¶8} Mr. Jenkins argues that Sergeant Laughlin's testimony was not credible. He alleges that the sergeant testified that he began following the vehicle because he was going to "take [it] down" even before he saw the driver commit a traffic violation. Mr. Jenkins, however, misrepresents the sergeant's testimony. Sergeant Laughlin actually testified that he began following the vehicle because he wanted to observe it more.

{¶9} Mr. Jenkins also argues that the video from Sergeant Laughlin's cruiser does not demonstrate any traffic violations. Sergeant Laughlin testified, however, that, because the camera was mounted on the opposite side of his cruiser, it did not have the same view as he did when peering out the front of the car. He also testified that what he could see was clearer than the video recording of it. Mr. Jenkins further argues that the stop was not permissible because the traffic offense ended up being dismissed against the driver of the vehicle. An officer may stop a vehicle based on a reasonable and articulable suspicion, however, even if no crime has been committed. *Id.* at ¶ 14.

{¶10} The trial court was in the best position to assess Sergeant Laughlin's credibility. We have reviewed the video and conclude that, in light of its quality, it did not undermine Sergeant Laughlin's testimony. Accordingly, we conclude that the trial court did not err when it determined that the traffic stop was lawful because Sergeant Laughlin had a reasonable and articulable suspicion that the driver of the vehicle had committed a traffic violation.

{¶11} Mr. Jenkins next argues that Sergeant Laughlin impermissibly lengthened the stop so that he could search the vehicle for drugs. He notes that, although the Sergeant claimed to

have detected a strong odor of marijuana coming from the vehicle, there was no marijuana found in it.

{¶12} This Court has recognized that, "if during the limited scope and duration of the initial stop an officer encounters additional specific and articulable facts that give rise to a reasonable suspicion of criminal activity beyond that which prompted the stop, the officer may continue to detain the defendant to investigate those new concerns." *State v. Shook*, 9th Dist. Lorain No. 93CA005716, 1994 WL 263194, *3 (June 15, 1994). "So long as an officer possesses reasonable suspicion for the continued detention, it is not unlawful." *State v. Ross*, 9th Dist. Lorain No. 12CA010196, 2012-Ohio-6111, ¶ 8.

{¶13} Sergeant Laughlin's detection of the strong marijuana odor gave him additional facts from which he could reasonably infer that there was additional criminal activity afoot. *State v. Gartrell*, 3d Dist. Marion No. 9-14-02, 2014-Ohio-5203, ¶ 70. That inference allowed him to extend the duration of the stop to investigate his suspicions. *Id*. We, therefore, conclude that the trial court did not err when it concluded that Sergeant Laughlin did not violate Mr. Jenkins's constitutional rights when he extended the duration of the stop.

{¶14} Mr. Jenkins next argues that, because Sergeant Laughlin failed to provide him *Miranda* warnings, his statements to law enforcement should have been suppressed. Mr. Jenkins, however, has not identified any statements that he made to law enforcement that he believes were obtained in violation of his rights. He also has not explained how any statements he made after the stop prejudiced him. We, therefore, reject his argument. *State v. Tuck*, 146 Ohio App.3d 505, 510 (9th Dist.2001); *State v. Boiani*, 8th Dist. Cuyahoga No. 98314, 2013-Ohio-1342, ¶ 17; App.R. 16(A)(7).

{¶15} Mr. Jenkins's final argument is that all of the evidence that was obtained in violation of his Fourth Amendment rights should be excluded at trial. Because he has failed to establish that the State obtained any evidence in violation of his constitutional rights, we conclude that his argument is without merit. Mr. Jenkins's assignment of error is overruled.

III.

{¶16} Mr. Jenkins's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
WHITMORE, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

DENISE G. WILMS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.