THE STATE OF OHIO, Appellee,

v.

BLACKBURN, Appellant.

[Cite as *State v. Blackburn* (1996), 115 Ohio App.3d 678.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 94–J–38.

Decided Nov. 21, 1996.

*Stephen M. Stern,* Jefferson County Prosecuting Attorney, and *Christopher Becker,* Assistant Prosecuting Attorney, for appellee.

*R. Eric Kibler,* for appellant.

———

JOSEPH E. O'NEILL, Presiding Judge.

Following a trial in the county court, the defendant was found guilty of driving while intoxicated in violation of R.C. 4511.19. Following the final judgment in the trial court, a timely notice of appeal was filed and the appellant specifically

argues in his appeal that the trial court erred in overruling a motion to suppress all evidence having to do with observations by a state highway patrolman following his stop and the results of various examinations performed by the highway patrolman.

█ The sole assignment of error complains that the trial court erred in overruling the appellant's motion to suppress as the investigative stop made by the highway patrolman was unreasonably prolonged and, therefore, unlawful.

Patrolman Timothy R. Zook testified in behalf of the prosecution. Trooper Zook testified that at 1:10 A.M., on October 14, 1992, he was traveling in his cruiser north on County Road 33 in Jefferson County, Ohio. He stated that he observed a 1984 red Chevrolet pickup traveling in the opposite direction and that, as the Chevrolet pickup passed him, he observed that there was no license plate light functioning on the pickup. Trooper Zook went on to testify that he immediately turned around and followed the Chevrolet pickup for the reason that a lack of a license plate light is in violation of R.C. 4513.05. Trooper Zook testified that, as he approached the Chevrolet pickup, it pulled off to the side of the road, stopped and turned off all of its lights. Trooper Zook went on to testify:

"I pulled up behind him, turned on my overhead lights, went up to the vehicle, contacted him, explained to him why I had stopped him, explained to him about his license plate light, asked for a driver's license, registration. I immediately detected a strong odor of an alcoholic beverage about his breath while I was speaking to him."

Following his first contact with the appellant, Trooper Zook requested that the appellant step out of his vehicle and follow him to his patrol car. At that point in time, Trooper Zook asked the appellant how much he had had to drink that evening. In response the appellant informed Trooper Zook that he had had "a few beers." Trooper Zook then performed on the appellant a horizontal gaze nystagmus test. He explained that there are six possible clues that can be derived from the performance of this test. The trooper testified:

"Out of the six possible clues—points that I could get, I did receive indicators on all six possible clues."

He went on to state that, based on his training, this was an indication that the subject of the test had consumed above the legal limit of alcoholic beverage. Trooper Zook also requested that the appellant submit to a portable breath test and further asked the appellant to submit to various divided-attention skill tests described by the trooper as being field sobriety tests. The appellant did not perform any of these tests appropriately. At that point "I advised him I was

going to place him under arrest for driving under the influence of alcohol beverage."

Where there is a reasonable and articulable suspicion to believe that a motor vehicle or its occupants are in violation of the law, stopping the vehicle and detaining its occupants will not violate the Constitution. *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673–674. However, the scope of a detention must be carefully tailored to its underlying justification and last no longer than is necessary to effectuate the purpose of the stop. *Florida v. Royer* (1983), 460 U.S. 491, 500, 103 S.Ct. 1319, 1325–1326, 75 L.Ed.2d 229, 238. To justify an investigatory detention, a police officer must demonstrate specific and articulable facts which when considered with the rational inferences therefrom would, in light of the totality of the circumstances, justify a reasonable suspicion that the individual who is stopped is involved in illegal activity. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489. Trooper Zook demonstrated specifically and with articulable facts that, when he first approached the appellant, he noticed a strong odor of alcohol. The standard for reviewing such police conduct is an objective one, to the effect that the facts available to the officer at the moment of the seizure or the search would warrant a man of reasonable caution in believing that the action taken was appropriate. *State v. Williams* (1990), 51 Ohio St.3d 58, 60, 554 N.E.2d 108, 110–111.

Most certainly, under the evidence produced at trial, it is reasonable to conclude that the facts available to Trooper Zook, at the time that he stopped the appellant, would warrant a man of reasonable caution in the belief that the appellant was driving under the influence of alcohol.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO and COX, JJ., concur.