OPINION
Defendant-appellant, Michael G. Saeger, appeals from a judgment rendered by the Columbiana County Court, Northwest Area, finding appellant guilty on charges of operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and failing to use a seat belt, in violation of R.C. 4513.263.
On the evening of February 6, 1999, at approximately 7:30 p.m., Deputy Larry Richards, a uniformed officer with the Columbiana County Sheriff's Department, entered the Duke and Duchess Service Station located in Knox Township, Columbiana County, Ohio. While standing in front of a glass-enclosed counter and speaking to a clerk, Deputy Richards noticed appellant, who was previously unknown to him, acting evasively, walking slowly and keeping his head down. Although Deputy Richards did not detect any indicia of intoxication, appellant's "peculiar" behavior aroused his suspicions.
Appellant finished his transaction and left the store. Shortly thereafter, Deputy Richards likewise left the store. Upon getting into his patrol car, Deputy Richards observed appellant sitting in his truck at the other end of the parking lot where he remained for approximately five minutes. As appellant departed from the parking lot, Deputy Richards decided to follow him.
Deputy Richards followed appellant for approximately one mile, during which time he observed appellant's truck cross the right edge line of the roadway on two occasions. On the second occasion, Deputy Richards witnessed appellant's truck go off the right side of the paved roadway, across the one to two foot gravel berm and, as it appeared to Deputy Richards, nearly collide with some mailboxes located on the grassy area beyond the gravel berm.
Suspecting that appellant may be operating his truck under the influence, Deputy Richards initiated a traffic stop by activating his overhead lights and siren. Approximately a quarter of a mile further down the road, appellant allegedly made a wide right turn and stopped.
When Deputy Richards approached appellant's truck, he noticed a strong odor of alcoholic beverage and that appellant's speech was slurred. Deputy Richards then administered some standard field sobriety tests, which appellant failed. Deputy Richards thereafter took appellant into custody. Upon returning to the Columbiana County Sheriff's Department, appellant refused to submit to a breath test. Appellant was subsequently charged with driving under the influence, failure to use a seat belt and operating a motor vehicle without reasonable control.
Appellant pled not guilty to the charges against him. On March 15, 1999, appellant filed a motion to suppress or alternatively, a motion inlimine, along with a request for an oral hearing. Said hearing was conducted by the trial court on April 29, 1999. Following consideration of the testimony and evidence presented, the trial court overruled appellant's motion by judgment entry filed May 24, 1999.
At a status conference held on August 9, 1999, the trial court granted plaintiff-appellee, State of Ohio's motion to dismiss the charge against appellant for operating his motor vehicle without reasonable control. Consequently, appellant withdrew his not guilty pleas and entered no contest pleas to the charges against him for operating his vehicle under the influence and failure to use a seat belt. The trial court found appellant guilty on these charges and sentenced him to ninety days incarceration in the minimum security jail facility, with eighty days of such sentence being suspended upon two years of unsupervised probation. Appellant was also fined and given a two year driver's license suspension, with credit for any license suspension already imposed. This appeal followed.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO SUSTAIN APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHERE SUCH EVIDENCE WAS OBTAINED IN VIOLATION OF THE PROHIBITION AGAINST UNREASONABLE SEARCHES AND SEIZURES CONTAINED IN THE FOURTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."
Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286, 288, citingTallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. This is the appropriate standard because "`[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'" State v. Hopfer (1996), 112 Ohio App.3d 521,548, quoting State v. Venham (1994), 96 Ohio App.3d 649, 653. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. State v.Williams (1993), 86 Ohio App.3d 37, 41.
To justify an investigatory stop of an automobile, a police officer must demonstrate specific and articulable facts which when considered with the rational inferences therefrom would, in light of the totality of the circumstances, justify a reasonable suspicion that the individual who is stopped is involved in illegal activity. State v. Blackburn (1996),115 Ohio App.3d 678, 681.
Appellant maintains that Deputy Richards did not have the requisite reasonable and articulable suspicion to justify his stop of appellant's motor vehicle. Appellant contends that the testimony presented by Deputy Richards at the hearing on appellant's motion to suppress, did not constitute sufficient evidence to satisfy appellee's burden of proving that the officer had a reasonable and articulable suspicion, based upon particular and objective facts, that appellant was under the influence of alcohol, in order to justify an investigative traffic stop. More specifically, appellant argues that there was no evidence of erratic driving, other than what can be considered as insubstantial drifts across the right edge line, which is not sufficient evidence to justify an investigative stop citing this court's decision in State v. Drogi
(1994), 96 Ohio App.3d 466, and its progeny.
In the instant case, Deputy Richards demonstrated the requisite reasonable and articulable suspicion to justify his stop of appellant's motor vehicle. Drogi and its progeny are distinguishable from the case at bar. Drogi and its progeny each dealt with minor, insubstantial drifts across road lines. Drogi specifically involved a divided highway where defendant's left front tire drove one foot over the center line. Defendant's vehicle then went right towards the edge line, then left without crossing the center line and then eventually across the right edge line. There was no testimony as to how far over the right edge line.
In this case, there was evidence presented that appellant's vehicle did more than simply drift across the right edge line. Appellant's vehicle traveled so far over the right edge line that it left the paved roadway and across one to two feet of a gravel berm, almost striking mailboxes located on the grassy area beyond the gravel berm. This type of reckless driving cannot be characterized as "minor weaving" or an "insubstantial drift" across the right edge line.
Accordingly, appellant's sole assignment of error is without merit.
 __________________ DONOFRIO, J.
Cox, J., dissents; see dissenting opinion
Waite, J., concurs