OPINION
Defendant-appellant, Patrick M. Barden, appeals his conviction in the Columbiana County Court, Eastern Area, for DUI.
On October 15, 1995, at approximately 2:36 A.M., Ohio State Highway Patrol Trooper Stephen Pacheco was exiting State Route 11 to State Route 154. Trooper Pacheco testified that at the stop sign he observed a cigarette butt being flipped out the window of a vehicle directly ahead of his own patrol car. Trooper Pacheco initiated a traffic stop of the vehicle. He approached the vehicle and identified appellant as the driver. He noted appellant's eyes were very red and glassy, that there was a strong odor of an alcoholic beverage about his person, and that his speech was thick and slurred.
Trooper Pacheco then proceeded to perform three field sobriety tests on appellant — the horizontal gaze and nystagmus, the one-leg stand, and the walk and turn test. Appellant failed all three field sobriety tests. Appellant was arrested and charged with DUI in violation of R.C.4511.19(A)(1) and (3), failure to wear a safety belt in violation of R.C. 4511.82, and littering in violation of R.C. 4513.26(3).
On December 19, 1999, appellant filed a motion to suppress arguing that the act of tossing a cigarette out the window was insufficient to constitute reasonable suspicion to justify a stop of his vehicle. The trial court heard the motion on December 21, 1999. On January 13, 2000, the court overruled the motion.
On April 6, 2000, appellant pled no contest to the charges and the matter was stayed by an order dated May 24, 2000. This appeal followed.
Appellant's sole assignment of error states:
 "THE TRIAL COURT PREJUDICIALLY ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN OVERRULING THE MOTION TO SUPPRESS BY FINDING THAT THE ARRESTING OFFICER OBSERVED A VIOLATION OF LAW THAT PROVIDED A REASONABLE SUSPICION TO STOP THE DEFENDANT'S VEHICLE ON THE NIGHT OF HIS ARREST."
Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286, 288, citingTallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. This is the appropriate standard because "`[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'" State v. Hopfer (1996), 112 Ohio App.3d 521,548, quoting State v. Venham (1994), 96 Ohio App.3d 649, 653. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. State v.Williams (1993), 86 Ohio App.3d 37, 41.
To justify an investigatory stop of an automobile, a police officer must demonstrate specific and articulable facts which when considered with the rational inferences therefrom would, in light of the totality of the circumstances, justify a reasonable suspicion that the individual who is stopped is involved in illegal activity. State v. Blackburn (1996),115 Ohio App.3d 678, 681.
There is no dispute that the only reason appellant was stopped was for throwing a cigarette out the window. Appellant essentially makes two arguments. The first is an evidentiary one. Appellant argues that the officer failed to obtain evidence of the violation (i.e., the cigarette and ashes).
Appellant's second argument is a public policy argument. He argues that the littering statute does not contain sufficient language to justify a stop for a cigarette being thrown from a vehicle. Appellant maintains that the purpose of the littering statute is to prevent unsightly and unsanitary condition from developing and promoting beautification of this state. Appellant argues that interpreting the statute to include cigarettes as litter would extend the statute too far, making it overbroad and vague.
R.C. 4511.82 provides:
 "(A) No operator or occupant of a motor vehicle shall, regardless of intent, throw, drop, discard, or deposit litter from any motor vehicle in operation upon any street, road, or highway, except into a litter receptacle in a manner that prevents its being carried away or deposited by the elements.
 "(B) No operator of a motor vehicle in operation upon any street, road, or highway shall allow litter to be thrown, dropped, discarded, or deposited from the motor vehicle, except into a litter receptacle in a manner that prevents its being carried away or deposited by the elements.
 "(C) As used in this section, `litter' means garbage, trash, waste, rubbish, ashes, cans, bottles, wire, paper, cartons, boxes, automobile parts, furniture, glass, or anything else of an unsightly or unsanitary nature."
 Additionally, pursuant to R.C. 4511.99(F), a violation of R.C. 4511.82 is a minor misdemeanor.
Concerning appellant's first argument, Trooper Pacheco's testimony that he observed a cigarette being thrown from appellant's vehicle was sufficient to establish that fact. Also, Trooper Pacheco testified that upon approaching appellant's vehicle, appellant admitted to having thrown the cigarette out the window.
Appellant's second argument raises the question of whether a cigarette should be considered litter within the meaning of the statute. Although there is no case law on point, there can be little debate that a discarded cigarette is litter. Moreover, R.C. 4511.82(C) specifically includes ashes within the definition of litter.
In sum, Trooper Pacheco demonstrated specific and articulable facts which when considered with the rational inferences therefrom, in light of the totality of the circumstances, justified a reasonable suspicion that appellant had violated the littering statute.
Accordingly, appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
WAITE, J., concurs, DeGENARO, J., concurs.