DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} At 11:20 p.m. on a January evening, a Montville Township police officer was investigating vandalism to the drive-up speaker box at a McDonald's restaurant in the township. He was standing in front of the speaker box looking at it when he noticed a car approaching. He moved from the front of the box to beside it to allow the driver of the car to place his order. Ernest Kodman Jr., who was driving the car, pulled up to the box and said something about having a hearing problem. Apparently, to better hear, with his head out the car window, Mr. Kodman turned his right ear toward the speaker box, which resulted in him *Page 2 
facing the officer who was standing between two and two and one half feet away to the left of the box. When he did, the officer noticed a strong smell of alcohol and asked Mr. Kodman if he had been drinking. Mr. Kodman responded that he had been, and the officer asked him how much he had had to drink. Mr. Kodman responded that he had had four beers. The officer instructed Mr. Kodman to pull his car into a parking space and get out. The officer then administered field sobriety tests to Mr. Kodman and, following those tests, arrested him for driving while under the influence of alcohol.
 {¶ 2} Mr. Kodman moved the trial court to suppress the evidence against him, arguing that the officer had illegally stopped him and illegally arrested him. The trial court denied his motion to suppress, and he pleaded no contest to driving under the influence of alcohol and to refusing to submit to a chemical test. He has argued on appeal that the trial court incorrectly denied his motion to suppress. This Court affirms his convictions because the officer had a reasonable suspicion to stop him and probable cause to arrest him.
 THE STOP {¶ 3} A police officer may stop a car if he has a reasonable, articulable suspicion that a person in the car is or has engaged in criminal activity. State v. VanScoder, 92 Ohio App. 3d 853, 855 (1994). A trial court called upon to decide whether a police officer had a reasonable suspicion of wrongdoing warranting a stop must do two things. It must first determine the historical facts. Once it does *Page 3 
that, it must determine whether those historical facts, viewed from the standpoint of an objectively reasonable police officer, supported a reasonable suspicion:
 The principal components of a determination of reasonable suspicion . . . will be the events which occurred leading up to the stop . . ., and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion. . . .
Ornelas v. United States, 517 U.S. 690, 696 (1996). While the second part of the analysis, whether the historical facts supported a determination of reasonable suspicion, involves a mixed question of law and fact, the first part, the determination of historical facts, is a pure question of fact:
 The first part of the analysis involves only a determination of historical facts, but the second is a mixed question of law and fact. . .
Id.
 {¶ 4} The trial court found that the officer smelled alcohol on Mr. Kodman and that Mr. Kodman acknowledged that he had had four beers. Mr. Kodman does not appear to challenge the trial court's finding of those historical facts. Rather, he appears to argue that those historical facts, viewed from the standpoint of an objectively reasonable police officer, did not establish a reasonable suspicion that Mr. Kodman had or was violating the law. Having smelled alcohol on Mr. Kodman and having learned that he was driving after consuming four beers, the officer had a reasonable suspicion that Mr. Kodman was driving while under the influence of alcohol. Accordingly, he acted legally in instructing Mr. Kodman to *Page 4 
pull his automobile into a parking space and in administering field sobriety tests to Mr. Kodman.
 THE ARREST {¶ 5} A police officer has probable cause to arrest a person for driving while under the influence of alcohol when facts known to him would cause a prudent person to believe that the person to be arrested was driving while under the influence of alcohol:
 To determine whether an officer had probable cause to arrest an individual for [driving while under the influence of alcohol], the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving while under the influence of alcohol.
State v. Medcalf, 111 Ohio App. 3d 142, 147 (1996) (citing Beck v.Ohio, 379 U.S. 89, 91 (1964)). At the time the police officer arrested Mr. Kodman, he had probable cause to believe that Mr. Kodman had been driving while under the influence of alcohol.
 {¶ 6} After Mr. Kodman pulled his car into the parking space, the officer had him get out. The officer saw that Mr. Kodman's eyes were glossy and bloodshot. He administered the horizontal gaze nystagmus test to Mr. Kodman, which resulted in five out of six possible "clues" that Mr. Kodman was under the influence of alcohol. He also had Mr. Kodman perform the walk and turn test. Mr. Kodman failed to touch his heel to toe, as the officer had instructed him, was unable to stay on the painted line the officer had asked him to walk, and was *Page 5 
unable to turn in the manner the officer had instructed him. The officer instructed Mr. Kodman to do the one-leg-stand test, but Mr. Kodman said that, because of his hearing problem, he had a problem with equilibrium, and the officer did not force him to attempt that test. The officer then arrested Mr. Kodman.
 {¶ 7} Again, Mr. Kodman does not appear to challenge the officer's testimony about his glossy and bloodshot eyes or his performance on the field sobriety tests. Rather, he has pointed out that the officer acknowledged that he had followed the officer's directions, his demeanor was polite and respectful, his speech was good, he was not stumbling, staggering, or falling down, and the officer had not seen him driving erratically or violating any traffic laws. While Mr. Kodman's failure to exhibit some symptoms that sometimes accompany intoxication was part of the totality of the circumstances, the absence of those symptoms did not negate the presence of other symptoms. His admission of having had four beers, his glossy and bloodshot eyes, and his performance on the field sobriety tests provided the officer probable cause to believe that Mr. Kodman was driving while under the influence of alcohol. Accordingly, the officer legally arrested him.
 CONCLUSION {¶ 8} The officer who stopped and arrested Mr. Kodman had a reasonable suspicion to stop him and probable cause to arrest him. Mr. Kodman's assignment *Page 6 
of error is overruled, and his convictions are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 MOORE, P. J. REECE, J., Concur. *Page 7 
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1