[Cite as *State v. Hochstetler*, 2016-Ohio-8389.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE )

STATE OF OHIO C.A. No. 16AP0013

    Appellee

    v. APPEAL FROM JUDGMENT
ENTERED IN THE
STEVEN M. HOCHSTETLER WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
    Appellant CASE No. 2015 TRC 004527

DECISION AND JOURNAL ENTRY

Dated: December 27, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Steven Hochstetler, appeals the judgment of the Wayne County Municipal Court denying his motion to suppress. For the reasons set forth below, we affirm.

I.

{¶2} On Friday, May 15, 2015, at approximately 10:09 p.m., Trooper Justin Ross of the Ohio State Highway Patrol was on duty and driving en route to a reported car crash on State Route 241 in Wayne County. While driving northbound on Route 241 towards the reported crash, Trooper Ross observed a van ahead of him that was weaving within its lane of travel. Ultimately, while the van was driving along a curvature in the road, Trooper Ross observed the van veer left of center and completely enter the southbound lane of traffic. Trooper Ross characterized this lane violation as "erratic" driving which caused him to become concerned for

the safety of the other motorists on the roadway. Trooper Ross then effectuated a traffic stop on the basis of the observable lane violation.

{¶3} Upon approaching the van, Trooper Ross identified the driver as Steven Hochstetler. While speaking with Hochstetler, Trooper Ross observed that Hochstetler had bloodshot and glassy eyes. Hochstetler explained to Trooper Ross that his eyes were bloodshot because he was tired. He further explained that he was driving from his home in Apple Creek, Ohio to Canton, Ohio, although Trooper Ross found this explanation "odd." Trooper Ross then ordered Hochstetler out of the van in order to perform field sobriety tests. Once the field sobriety tests had been fully administered, Trooper Ross placed Hochstetler under arrest and had him submit to breath and urine tests. The result of the breath test indicated that there was no alcohol on Hochstetler's breath. However, the urine test later revealed that Hochstetler was under the influence of marijuana.

{¶4} Hochstetler was subsequently charged with one count of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), one count of violating the lanes of travel (traveling left of center) in violation of R.C. 4511.25, and one count of operating a vehicle while under the influence of a listed metabolite of a controlled substance (marijuana) in violation of R.C. 4511.19(A)(1)(j)(viii)(II). Hochstetler pleaded not guilty to all three charges.

{¶5} On November 9, 2015, Hochstetler filed a motion to suppress all evidence obtained following the traffic stop on the basis that Trooper Ross lacked a reasonable, articulable suspicion that he was engaged in criminal activity to justify the administration of field sobriety tests. On December 31, 2015, the trial court held a hearing on Hochstetler's motion at which Trooper Ross testified on behalf of the State. On January 11, 2016, the trial court denied Hochstetler's motion to suppress.

{¶6} On February 4, 2016, Hochstetler pleaded no contest to the charge of operating a vehicle while under the influence of a listed metabolite of marijuana in violation of R.C. 4511.19(A)(1)(j)(viii)(II). In exchange for his plea, the State dismissed the remaining charges. The trial court accepted Hochstetler's plea and found him guilty of the offense. The trial court then sentenced Hochstetler according to law, but stayed its sentence pending an appeal.

{¶7} Hochstetler filed this timely appeal and raises one assignment of error for this Court's review.

II.

**Assignment of Error**

**The trial court erred by finding the trooper had a reasonable suspicion, based on articulable facts, to warrant the detention of the defendant for the purposes of administering field sobriety tests following an otherwise lawful traffic stop.**

{¶8} In his sole assignment of error, Hochstetler argues that the trial court erred by denying his suppression motion because Trooper Ross lacked reasonable suspicion based upon articulable facts to justify the administration of field sobriety tests. We disagree.

{¶9} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 2003–Ohio–5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.,* citing *State v. McNamara,* 124 Ohio App.3d 706 (4th Dist.1997). As a general matter, "determinations of

reasonable suspicion and probable cause should be reviewed *de novo* on appeal." *State v. Stecion*, 9th Dist. Summit No. 20626, 2002 WL 121201, *5 (Jan. 30, 2002), quoting *Ornelas v. U.S.*, 517 U.S. 690, 699 (1996).

{¶10} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect individuals from unreasonable searches and seizures. "Requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment." *State v. Keserich*, 5th Dist. Ashland No. 14–COA–011, 2014–Ohio–5120, ¶ 8, quoting *State v. Bright*, 5th Dist. Guernsey No. 2009–CA–28, 2010–Ohio–1111, ¶ 17, citing *State v. Knox*, 2d Dist. Greene No. 2005–CA–74, 2006–Ohio–3039, ¶ 11. However, a police officer does not violate an individual's constitutional rights by administering field sobriety tests if the police officer has reasonable suspicion of criminal activity. *See State v. Simin*, 9th Dist. Summit No. 26016, 2012–Ohio–4389, ¶ 12. "Reasonable suspicion requires that the officer 'point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *State v. Buchanan*, 9th Dist. Medina No. 13CA0041–M, 2014–Ohio–3282, ¶ 8, quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968). Reasonable suspicion is based on the totality of the circumstances. *See United States v. Cortez*, 449 U.S. 411, 417–418 (1981).

{¶11} A review of the record in this matter indicates that Trooper Ross stopped Hochstetler's van at 10:09 p.m. on Friday, May 15, 2015 for a marked lane violation, which Trooper Ross described as "erratic" driving. Trooper Ross also testified at the suppression hearing that Hochstetler's eyes were noticeably bloodshot and glassy. After considering the totality of the circumstances, we determine that Trooper Ross had a reasonable articulable

suspicion that Hochstetler was driving while intoxicated, thus justifying the administration of field sobriety tests.

{¶12} In reaching this determination, we are cognizant of the fact that numerous factors weigh in Hochstetler's favor. For example, Trooper Ross testified on cross-examination that Hochstetler denied consuming any alcoholic beverage on the night in question, was not slurring his speech, did not exhibit problems with his coordination, and did not smell of drugs or alcoholic beverage while in his van.[1] Additionally, Trooper Ross testified that Hochstetler was polite and cooperative throughout the duration of the traffic stop, that no drugs or open containers were observable within Hochstetler's van, and that no bars or drinking establishments were located nearby as the traffic stop occurred in the country. However, despite this favorable testimony, we note that no single factor is dispositive of whether a law enforcement officer is legally justified in conducting field sobriety tests in any given case. *See State v. Bunkley*, 7th Dist. Mahoning No. 00 CA 224, 2002 WL 417909, *3 (Mar. 15, 2002), *citing State v. Evans*, 127 Ohio App.3d 56, 63 fn. 2 (11th Dist.1998).

{¶13} Here, we place tremendous import on the fact that Trooper Ross stopped Hochstetler for a traffic violation, which Trooper Ross described as "erratic." In fact, Trooper Ross testified that Hochstetler's entire vehicle crossed into the opposite lane of traffic, just avoiding a collision with an oncoming vehicle by mere seconds. The video from Trooper Ross' dash camera supports this testimony. Trooper Ross further testified that Hochstetler's driving caused him to become concerned for the safety of other motorists on the road that night. Moreover, the record demonstrates that Hochstetler was stopped after 10:00 p.m. on a Friday

---

[1] Trooper Ross testified that he later observed a slight smell of alcoholic beverage on Hochstetler's person once Hochstetler was placed into his cruiser.

night, a time and day when impaired drivers are more likely to be out on the road. Lastly, Trooper Ross testified that he noticed that Hochstetler had glassy, bloodshot eyes, which are often, but not always, an indication of impairment. *See State v. Lucking*, 12th Dist. Butler No. CA2002-12-303, 2004-Ohio-90, ¶ 11 ("[W]e find that glassy, bloodshot eyes are generally accepted as classic indicia of intoxication."). Thus, based on the totality of the circumstances, we conclude that Trooper Ross possessed reasonable suspicion to administer the field sobriety tests in this case.

**{¶14}** Accordingly, Hochstetler's assignment of error is overruled.

III.

**{¶15}** Hochstetler's sole assignment of error is overruled and the judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                    _____

                                    JULIE A. SCHAFER
                                    FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, P. J.
DISSENTS.

APPEARANCES:

JOHN E. JOHNSON, JR., Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.