[Cite as *State v. High*, 2017-Ohio-8264.]

STATE OF OHIO        )                IN THE COURT OF APPEALS
                       )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA   )

STATE OF OHIO                     C.A. No.     17CA0019-M

      Appellant

      v.                             APPEAL FROM JUDGMENT
                                 ENTERED IN THE
IAN E. HIGH                     MEDINA MUNICIPAL COURT
                                 COUNTY OF MEDINA, OHIO
      Appellee                CASE No.    16 TRC 04875

DECISION AND JOURNAL ENTRY

Dated: October 23, 2017

---

CALLAHAN, Judge.

{¶1} Appellant, the State of Ohio, appeals from the judgment of the Medina Municipal Court, granting Appellee, Ian High's, motion to suppress. This Court affirms.

I.

{¶2} Close to midnight one evening, Sergeant Scott Schmoll was dispatched to a home on Stone Road because the man who lived there had threatened suicide. He arrived along with two other officers and found that the man's daughter and her husband, Mr. High, also had responded to the scene. Mr. High sat in the driver's seat of his truck with the engine running while his wife entered her father's home. An officer then spoke with him and asked him to turn off his engine. Mr. High complied, but remained in the truck. Meanwhile, his wife, who was intoxicated, became disruptive and was asked to return to the truck and leave. Before she did so, the officer who had spoken with Mr. High notified Sergeant Schmoll that Mr. High also

appeared to have been drinking. The officer told Sergeant Schmoll to speak with Mr. High before allowing him to drive.

{¶3} When Sergeant Schmoll spoke with Mr. High, he immediately detected the odor of alcohol on his breath. Mr. High admitted that he had consumed alcohol earlier that evening, so Sergeant Schmoll asked him to step out of the vehicle. The sergeant then performed field sobriety tests and observed multiple clues on each of the three tests he performed. Subsequently, Mr. High completed a breathalyzer test and was found to have a blood alcohol content in excess of the legal limit.

{¶4} Mr. High was charged with having physical control of a vehicle while under the influence of alcohol, in violation of R.C. 4511.194(B)(1) and (B)(2). He filed a motion to suppress, and a hearing was held on his motion. Following the hearing, the trial court granted his motion.

{¶5} The State now appeals from the trial court's ruling on the motion to suppress and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE MEDINA MUNICIPAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS EVIDENCE.

{¶6} In its sole assignment of error, the State argues that the trial court erred when it granted Mr. High's motion to suppress. Specifically, it argues that the totality of the circumstances supported the conclusion that Sergeant Schmoll had reasonable suspicion to conduct field sobriety testing. This Court disagrees.

{¶7} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress,

the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court gives deference to and "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Burnside* at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶8} "[A] police officer does not need probable cause to conduct a field sobriety test; rather, he must simply have a reasonable suspicion of criminal activity." *State v. Slates*, 9th Dist. Summit No. 25019, 2011-Ohio-295, ¶ 24. "'Reasonable suspicion' is more than an ill-defined hunch * * *." *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 31 (9th Dist.). "'[R]easonable suspicion exists if an officer can point to specific and articulable facts indicating that [an individual] may be committing a criminal act.'" *State v. Osburn*, 9th Dist. Wayne No. 07CA0054, 2008-Ohio-3051, ¶ 9, quoting *Wadsworth v. Engler*, 9th Dist. Medina No. 2844-M, 1999 Ohio App. LEXIS 5993, *9 (Dec. 15, 1999). "Reasonable suspicion is based on the totality of the circumstances." *State v. Hochstetler*, 9th Dist. Wayne No. 16AP0013, 2016-Ohio-8389, ¶ 10.

{¶9} In reaching its decision, the trial court made each of the following findings. Sergeant Schmoll and Deputies Clinage and Telakto responded to a home shortly before 11:00 p.m. because the man who lived there had threatened self-harm. The man's daughter was also present, along with her husband, Mr. High. Mr. High remained seated in the driver's seat of his truck and left it running until Deputy Clinage spoke with him and told him to turn it off.

Meanwhile, Sergeant Schmoll spoke with Mr. High's wife, told her she was clearly intoxicated, and asked her to return to her husband's truck and leave. Deputy Clinage then told Sergeant Schmoll that he "might want to check [Mr. High]."

{¶10} When Sergeant Schmoll spoke with Mr. High, he detected the odor of alcohol on his breath. He then asked Mr. High about the odor, and Mr. High said he had "consumed 'a few beers with dinner,' and moments later that he had consumed 'a couple beers.'" Sergeant Schmoll did not characterize the intensity of the odor or observe any other indicia of intoxication such as red, glossy, or bloodshot eyes, slurred speech, overly deliberate speech, or lack of coordination. Mr. High was cooperative during the encounter, and there was no evidence of any erratic driving, as Mr. High's truck was parked. In granting the motion to suppress, the court concluded that "[t]he unspecified odor of an alcoholic beverage coming from an individual's breath, combined solely with the admission of consumption of a few beers * * * does not create a reasonable and articulable suspicion that [he] has committed some criminal activity * * *."

{¶11} The State does not challenge any particular factual finding that the trial court made. Instead, it challenges the court's ultimate legal conclusion. The State argues that, based on the totality of the circumstances, Sergeant Schmoll had reasonable suspicion to believe Mr. High was impaired and to subject him to field sobriety testing. Because the State limits its argument to the court's ultimate legal conclusion, this Court accepts the trial court's factual findings as true and considers the law as applied to those factual findings. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8.

{¶12} Importantly, Sergeant Schmoll was the only witness to testify at the suppression hearing. The State did not call Deputy Clinage as a witness, so he was not there to explain what particular observations he made when he spoke to Mr. High. Moreover, Sergeant Schmoll did

not know what particular observations the deputy made. The trial court only found that Deputy Clinage told Sergeant Schmoll he "might want to check [Mr. High]." There was no evidence, therefore, that Deputy Clinage made any particular observations that would support a finding of impairment.

{¶13} Though Sergeant Schmoll testified that he detected the odor of alcohol on Mr. High's breath, the State never asked him to characterize the odor. Thus, he did not specify whether it was slight, moderate, or strong. *Compare State v. Kodman*, 9th Dist. Medina No. 06CA0100-M, 2007-Ohio-5605, ¶ 1, 4 (strong odor of alcohol and admission to having consumed four beers provided reasonable suspicion); *State v. Blackburn*, 115 Ohio App.3d 678 (7th Dist.1996) (strong odor of alcohol and admission to having consumed "a few beers" provided reasonable suspicion). Though Mr. High admitted to having "a few" or "a couple" beers, Sergeant Schmoll never asked him exactly how many beers it was or exactly when he had consumed them. *Compare State v. Dierkes*, 11th Dist. Portage No. 2008-P-0085, 2009-Ohio-2530, ¶ 25 (defendant's claim that he had stopped drinking almost seven hours earlier was a factor in support of reasonable suspicion where officer still detected a moderate odor of alcohol on defendant's breath). The sergeant never testified as to any red, glossy, or bloodshot eyes, any slurred speech, any difficulties with coordination, or any belligerent behavior. *Compare State v. Thayer*, 9th Dist. Medina No. 11CA0045-M, 2012-Ohio-3301, ¶ 4, 29 (red, glossy eyes, strong odor of alcohol, and admission to having consumed four drinks provided reasonable suspicion). Further, he never testified that his suspicions were aroused as a result of any other factors such as the late hour, the fact that Mr. High's passenger (i.e., his wife) was clearly intoxicated, or the fact that Mr. High chose to remain seated in his truck rather than accompany his wife inside or voluntarily interact with the officers. The only evidence the State presented was that Mr. High's

breath smelled of alcohol and he admitted to drinking "a few" or "a couple" of beers at some earlier point.

{¶14} This Court has held that even a mild odor of alcohol can provide reasonable suspicion for field sobriety testing when paired with other factors such as a traffic infraction, bloodshot eyes, and an admission to having consumed two beers. *See State v. Tomko*, 9th Dist. Summit No. 19253, 1999 Ohio App. LEXIS 5133, *8-9 (Nov. 3, 1999). Yet, this Court cannot conclude that the result is the same when an unspecified odor of alcohol is paired strictly with an admission to having had a few beers. "For better or worse, the law prohibits *drunken* driving, not driving after a drink." (Emphasis sic.) *State v. Taylor*, 3 Ohio App.3d 197, 198 (1st Dist.1981). *Accord State v. Reed*, 7th Dist. Belmont No. 05 BE 31, 2006-Ohio-7075. Likewise, it is only a crime to be in physical control of a vehicle *while under the influence*. R.C. 4511.194(B)(1). The fact that Mr. High had been drinking was not enough to subject him to field sobriety testing. If Sergeant Schmoll suspected that Mr. High was impaired, it was his duty to substantiate his hunch by asking additional questions. *See Hunter*, 2002-Ohio-7326, at ¶ 31. Similarly, if the State had other evidence that Mr. High was impaired (e.g., any testimony Deputy Clinage might have given), it was the State's duty to present that evidence at the hearing. Neither Sergeant Schmoll, nor the State acted to ensure proof of reasonable suspicion.

{¶15} This Court in no way condones the act of drinking and driving, but the law criminalizes the act only if an individual indulges to the point of intoxication or impairment. *See Taylor* at 198; *Reed* at ¶ 18, 27. Based on the record before this Court, the State simply did not produce enough evidence to show that Sergeant Schmoll possessed "'specific and articulable facts indicating that [Mr. High] [was] committing a criminal act.'" *Osburn*, 2008-Ohio-3051, at ¶ 9, quoting *Engler*, 1999 Ohio App. LEXIS 5993, at *9. *See also State v. Davis*, 140 Ohio

App.3d 659, 664-665 (9th Dist.2000). Without more, this Court has no choice but to conclude that the trial court acted properly when it granted Mr. High's motion to suppress. The State's sole assignment of error is overruled.

## III.

{¶16} The State's sole assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

J. MATTHEW LANIER, Prosecuting Attorney, for Appellant.

DAVID C. SHELDON, Attorney at Law, for Appellee.