[Cite as *State v. Polizzi*, 2019-Ohio-2505.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2018-L-063**<br>**2018-L-064** |
| ANTHONY J. POLIZZI, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas.
Case Nos. 2017 CR 000853 & 2017 CR 001390.

Judgment: Reversed; sentence vacated; remanded.


*Charles E. Coulson*, Lake County Prosecutor; *Teri R. Daniel* and *Alexandra Kutz*, Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Mark Roy Devan* and *William Christopher Livingston*, Berkman, Gordon, Murray & Devan, 55 Public Square, Suite 2200, Cleveland, OH 44113 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Anthony J. Polizzi, Jr., appeals from the May 8, 2018 judgment entry of the Lake County Court of Common Pleas, sentencing him to an aggregate total of 33 years in prison following appellant's guilty plea on two separate indictments.

{¶2} Appellant held a position as a teacher at a Christian high school following an unsuccessful attempt to complete law school. He had an inappropriate relationship with two of his students. One took place in 2008, the other in 2010. Each victim was 17

years old when the conduct commenced, and each was 18 years old when the conduct terminated. Appellant was fired from his position as a teacher when another student reported seeing appellant returning to school with the 2010 victim. In 2012, appellant reached out to this former student with sexually explicit messages under a fictitious name. The victim immediately suspected appellant, who eventually acknowledged it was he who sent the messages. These messages were alarming to the 2010 victim, who subsequently contacted authorities in 2012. For reasons that are not clear in the record, not much happened with the case until 2017, when the 2010 victim was contacted by a new detective.

{¶3} In the meantime, after being fired from his teaching position, appellant had returned to law school, passed the bar examination, and worked for many years as an attorney. Between the time he was fired as a teacher, and up until sentencing, there is no indication appellant committed any other offense.

{¶4} On July 31, 2017, appellant was indicted on 24 counts alleging crimes involving sexual misconduct stemming from a series of sexual relations with the student from 2010 who appellant taught at Cornerstone Christian Academy. The case was assigned Lake County Court of Common Pleas Case No. 17-CR-0853.

{¶5} Subsequently, on December 29, 2017, appellant was indicted on 56 counts alleging crimes involving sexual misconduct stemming from a series of sexual relations with a second student from 2008, who appellant also taught at Cornerstone Christian Academy. The case was assigned Lake County Court of Common Pleas Case No. 17-CR-1390. On March 21, 2018, the trial court granted a motion to consolidate the cases for trial.

2

{¶6} After plea negotiations, the state dismissed most of the counts, based on appellant's agreement to enter a plea of guilty to four charges in each case. On March 26, 2018, appellant pled to one count of gross sexual imposition, a felony of the fourth degree, and three counts of sexual battery, felonies of the third degree, in each of the two cases.

{¶7} Regarding the six counts of sexual battery, in violation of R.C. 2907.03(A)(7), each indictment alleged that appellant engaged in sexual conduct with another, not the spouse of the offender, when the offender was a teacher, administrator, coach, or other person in authority employed by or serving in a school for which the state board of education prescribes minimum standards pursuant to R.C. 3301.07(D), the other person is enrolled in or attends that school, and the offender is not enrolled in and does not attend that school.

{¶8} The trial court referred appellant to the Department of Adult Probation for a presentence evaluation, psychiatric examination, victim impact statement, and sexual offender report.

{¶9} At the sentencing hearing on May 4, 2018, appellant, appellant's counsel, and appellant's wife and father, were permitted to address the court. Appellant also filed a sentencing memorandum which included eleven letters in support. The two victims also addressed the trial court. Each indicated how naïve they were at the time appellant pursued them. Each described how their involvement with appellant was their first sexual experience of any kind. Each asked the trial court to impose the maximum sentence.

{¶10} The trial court reviewed, among other things, a presentence report and sex offender evaluation report from the Department of Adult Probation, the psychological assessment, and a victim impact statement from each of the two victims.

{¶11} The presentence report contained an Ohio Risk Assessment System rating of "9/Low" regarding risk of recidivism. The report stated, "[appellant] reported that he wishes this never happened and he feels very sorry for what he did. [Appellant] stated that he is truly remorseful and is hoping to be placed on probation, as a result of these offenses." The report also characterized appellant's prognosis as "decent."

{¶12} The sex offender evaluation report stated that appellant's risk of re-offending under the actuarial risk prediction tool was low. The report, however, ultimately listed his risk of re-offending as "moderate" due to appellant's inability to fully take responsibility for his actions. As the trial court noted, appellant made a statement during the psychological assessment that he wished the victims would experience "misery" for proceeding with these cases. The report indicated that this failure to take responsibility prohibited appellant from having the appropriate remorse necessary to avoid future similar criminal acts.

{¶13} Each of the victim impact statements described trauma and ongoing psychological harm resulting from appellant's sexual misconduct with each. Both victims reiterated their request that the maximum sentence be imposed by the trial court.

{¶14} The eleven letters in support of appellant, attached to his sentencing memorandum, were from family members, friends, colleagues, and other individuals with knowledge of appellant from his childhood until the present. Many of the letters reiterated that he remained remorseful for his actions, although the focus in the majority of the letters

4

was on the impact and harm that a harsh sentence would have on appellant and his family, rather than the harm suffered by the victims.

{¶15} The state recommended an aggregate sentence of ten years in each case, to be served consecutively, totaling twenty years. This recommendation apportioned differing sentence lengths based on the specific physical actions taken by appellant in each charge.

{¶16} Appellant was eligible for probation or community control. In the event the court sentenced him to prison, the range of the prison term for each of the two counts of gross sexual Imposition, a fourth-degree felony, was 6 to 18 months. For each of the six counts of sexual battery, a third-degree felony, the penalty ranged from 12 to 60 months.

{¶17} In considering all of the aforementioned, the trial court ordered the maximum sentence for each charge in both cases, as follows:

Case No. 17-CR-0853:

Gross Sexual Imposition (R.C. 2907.05(A)(1))- 18 months;
Sexual Battery (R.C. 2907.03(A)(7))- 60 months;
Sexual Battery (R.C. 2907.03(A)(7))- 60 months;
Sexual Battery (R.C. 2907.03(A)(7))- 60 months;

Case No. 17-CR-1390:

Gross Sexual Imposition (R.C. 2907.05(A)(1))- 18 months;
Sexual Battery (R.C. 2907.03(A)(7))- 60 months;
Sexual Battery (R.C. 2907.03(A)(7))- 60 months;
Sexual Battery (R.C. 2907.03(A)(7)- 60 months.

{¶18} In addition, the trial court ordered the sentences to be served consecutively, stating—among various other things—that appellant was "a predator," that he was likely to re-offend because of a lack of remorse, and in a reference to other cases not involving appellant, that "[t]his keeps happening and nothing ever changes." Appellant was also

5

classified as a Tier III sex offender with the most stringent, lifetime reporting requirements at the hearing.

{¶19} Appellant filed a timely notice of appeal and raises six assignments of error. For clarity and convenience, we combine and consider the assignments out of order.

{¶20} Appellant's first and fifth assignments of error state:

> [1.] The trial court erred because Appellant's sentences are not supported by the record.
>
> [5.] The trial court erred when it failed to make the factual findings necessary to impose consecutive sentences in accordance with R.C. 2929.14(C)(4).

{¶21} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b).

{¶22} R.C. 2929.41, which governs multiple sentences, provides, in pertinent part: "(A) Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state[.]" Therefore, a presumption exists in favor of concurrent sentencing absent the applicable statutory exception.

{¶23} Pursuant to R.C. 2929.14(C)(4), a trial court may order separate prison terms for multiple offenses be served consecutively only if the court finds it "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" The trial court must also find that one of the following statutory factors applies:

> (a) The offender committed one or more of the multiples offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶24} Regarding the imposition of consecutive sentences, the trial court stated:

> And those sentences will be consecutive with each other on all the counts and consecutive to one another. And I find that consecutive sentences are necessary to protect the public from future crime by you and to punish you and these, this sentence is not disproportionate to the seriousness of your conduct and to the danger you pose to the public.

{¶25} Of the additional statutory factors that must be found, sections (a) and (c) are inapplicable. The trial court applied section (b), stating that "at least two of these offenses were committed as part of one or more courses of criminal conduct and the harm caused by at least two of the offenses committed was so great or unusual that no single

7

prison term for any of the offenses committed as part of this course of conduct adequately reflects the seriousness of your conduct."

**{¶26}** The sentencing entry also indicates the same. Therefore, the trial court did state appropriate statutory grounds for imposing prison and imposing consecutive sentences.

**{¶27}** When the trial court properly sets forth the statutory requirements that allow for imposition of consecutive sentences, our review is limited to whether we clearly and convincingly find that the record does not support the trial court's findings. *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 20; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23. In doing so, we keep in mind that the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. DelManzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

**{¶28}** Although appellant has not provided support for this argument, there is case law that indicates "[a] trial court may not elevate the seriousness of an offense by pointing to a fact that is also an element of the offense itself." *State v. Sims*, 4th Dist. Gallia No. 10CA17, 2012-Ohio-238, ¶16, quoting *State v. Davis*, 4th Dist. Washington No. 09CA28, 2010-Ohio-555, ¶24, citing *State v. Schlect*, 2d Dist. Champaign No. 2003-CA-3, 2003-Ohio-5336, ¶52; *see also State v. Galindo-Barjas*, 7th Dist. Mahoning No. 12 MA 37, 2013-Ohio-431, ¶11, citing *State v. Stroud*, 7th Dist. Mahoning No. 07 MA 91, 2008-Ohio-3187, ¶48. Of relevance here, appellant was a teacher to the victims, which is a necessary element of the six sexual battery charges under R.C. 2907.03(A)(7), for which appellant received a maximum sentence of 60 months for each. That relationship is

8

accounted for by the legislature when it established most of these offenses as felonies of the third degree.

{¶29} Further, the imposition of consecutive sentences may be inappropriate where it would "demean the seriousness of other more violent crimes and the harm to other victims[.]" S*tate v. Overholser*, 2d Dist. Clark No. 2014-CA-42, 2015-Ohio-1980, ¶32.

{¶30} At the sentencing hearing, the trial court made several findings when considering the aforementioned statutory factors. The trial court found that (1) appellant was a predator who is likely to be in circumstances where the criminal activity could recur because of his lack of remorse; (2) the damages caused to the two victims were permanent, incapable of full recovery, and worse than serious physical injuries such as gunshot wounds; (3) appellant was likely to re-offend; (4) appellant was a danger to the public; (5) appellant lacked the appropriate remorse under the statute.

{¶31} The findings of the presentence investigation report and the sex offender evaluation report indicated that appellant had a low to moderate chance of re-offending. Other than a lack of remorse, there is no support in the record for concluding that appellant is likely to re-offend; to the contrary, appellant's lack of criminal history—both before and for many years after the present crimes—the letters of support as to his character, and his inability to ever teach or have interactions with minors under similar circumstances, due to the Tier III sex offender status, all support a finding that the opportunity for re-offense is low. There is also little to no support in the record for a finding that appellant is a danger to the public at large.

9

**{¶32}** While there is some support in the record for the contention that appellant is remorseful, the trial court found appellant was not remorseful. There are several things in the record that support the trial court's conclusion. Chief among those are the crude emails sent to one victim in 2012 and the comments to the psychologist, between the plea and sentencing hearings, that he wished the victims "misery."

**{¶33}** The additional finding that appellant poses a danger to the public is another matter. This finding could only be made based on appellant's likelihood of committing future crimes. R.C. 2929.12 sets forth the following with regard to the likelihood of committing future crime and remorse:

> (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, *as factors indicating that the offender is likely to commit future crimes:*
>
> (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.
>
> (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
>
> (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

10

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, *as factors indicating that the offender is not likely to commit future crimes:*

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

R.C. 2929.12 (emphasis added).

{¶34} In subsection (D), it is clear that the lack of remorse is the only thing militating toward appellant's likelihood of committing future crime. All of the other factors suggest little or no likelihood. In subsection (E), all of the factors again suggest little or no likelihood of appellant committing future crime, with the exception of the lack of remorse.

{¶35} We clearly and convincingly find that the record does not support the trial court's determination that appellant poses a great risk to the public based on the likelihood he will commit future crime. In addition, while the harm to the victims was very significant, there is no support in the record for the finding that the harm to the victims is permanent.

11

Also, the finding that appellant is a predator was based on his relationship to the victims as their teacher, which is an element of his sexual battery offenses under R.C. 2907.03(A)(7). Finally, the record does not support the conclusion that the conduct was so great or unusual—in relation to the same offenses committed by other offenders—that no single prison term for the offenses in each individual indictment would adequately reflect the seriousness of appellant's conduct.

{¶36} Further, we agree that the sentence of 33 years imposed here would demean the seriousness of other more violent crimes. As the Second District Court of Appeals observed in S*tate v. Overholser*, based on substantially similar facts*:*

> Further, without detracting from the criminality of Overholser's conduct, and without diminishing the psychological harm caused to B.D., we note that a sentence of 20 years in this matter may in fact demean the seriousness of other more violent crimes and the harm to other victims; for example, rape is a felony of the first degree and has a maximum sentence of 11 years, and a sentence for murder is 15 years to life.

*Overholser*, *supra*, at ¶32. *See also*, *e.g.*, *State v. Rupert*, 11th Dist. Lake No. 2001-L-169, 2002-Ohio-7268; *State v. Earle*, 11th Dist. Lake No. 2001-L-159, 2002-Ohio-4510.

{¶37} Appellant's first and fifth assignments of error have merit.

{¶38} Appellant's second and third assignments of error state:

> [2.] The trial court improperly employed the sentencing-packaging doctrine and its sentence is, therefore, contrary to law.

> [3.] The trial court failed to fashion individualized sentences for Appellant and, therefore, its sentences are contrary to law and violated Appellant's right to due process of law.

{¶39} Ohio courts have uniformly held that "'[i]nstead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant

12

pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense.'" *State v. Wells*, 11th Dist. Ashtabula No. 2013-A-0014, 2013-Ohio-5821, ¶34, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶9. "'Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively.'" *Id.*, quoting *Saxon*, *supra*, at ¶9 (emphasis deleted). Thus, Ohio has never adopted the sentencing-package doctrine, and it has no applicability to Ohio sentencing laws. *Saxon*, *supra*, at ¶10. "The sentencing court may not employ the doctrine when sentencing a defendant, and appellate courts may not utilize the doctrine when reviewing a sentence or sentences." *Id.*

**{¶40}** At the sentencing hearing, the trial court imposed the maximum sentence *individually* for each count on the record. After each count was read and each sentence was announced, the court announced that the sentences would be served consecutively. The sentencing entry made a similar, separate sentencing statement for each count followed by a holding that the sentences would be served consecutively.

**{¶41}** Therefore, there is no basis in fact to support the assertion that the trial court applied the sentencing-package doctrine.

**{¶42}** Appellant's second and third assignments of error are without merit.

**{¶43}** Appellant's fourth and sixth assignments of error state:

> [4.] The sentencing proceeding was fundamentally unfair in violation of Appellant's right to due process of law.
>
> [6.] The trial court's imposition of an aggregate sentence of 33 years imprisonment under the circumstances of this case amounts to cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Article I, Section 9 of the Ohio Constitution.

13

**{¶44}** We note that neither of these constitutional issues was raised before the trial court, and they are asserted for the first time in this appeal. Pursuant to *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus, the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue * * * and therefore need not be heard for the first time on appeal." *See also State v. Gordon*, 28 Ohio St.2d 45 (1971), paragraph two of the syllabus. We note that the waiver doctrine stated in *Awan* is discretionary. *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus. However, even though this court has jurisdiction to review the alleged denial of constitutional rights that were not raised at the trial level, this discretion will not ordinarily be exercised to examine a claim that existed prior to or at the time of trial. *State v. Schlee*, 11th Dist. Lake No. 98-L-187, 1999 WL 1313651, *10 (Dec. 17, 1999), citing *Awan, supra*, at ¶123.

**{¶45}** Further, "'[i]t is well settled that [a] court will not reach constitutional issues unless absolutely necessary.'" *State v. Ferry*, 11th Dist. Lake No. 2007-L-217, 2008-Ohio-2616, ¶19, quoting *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶9, citing *In re Miller*, 63 Ohio St.3d 99, 110 (1992) and *Hall China Co. v. Pub. Util. Comm.*, 50 Ohio St.2d 206, 210 (1977).

**{¶46}** Based on our determinations above, it is not necessary to consider these constitutional issues for the first time on appeal, and we therefore decline to do so.

## CONCLUSION

**{¶47}** Upon review of the record, there is no support under R.C. 2929.14(C)(4) for some of the findings the trial court made to justify imposition of consecutive sentences for each of the individual offenses for which a plea was entered. As noted herein, the record

14

does not support a determination that appellant poses a great risk to the public based on the likelihood he will commit future crime. Appellant's sentences for sexual battery should not be elevated based on his status as a teacher to the victims, as this is a necessary element of the six charges under R.C. 2907.03(A)(7). Finally, while the trial court utilized the testimony and written statements of the victims to conclude that the harm to those victims was very significant, there is no support in the record for the finding that the harm caused is permanent, or even as severe as the worst form of each of the charged crimes.

{¶48} Appellant's sentence is hereby vacated. The judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for resentencing consistent with this opinion.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.