[Cite as *State v. McBee*, 2019-Ohio-2967.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-G-0149** |
| BRANDON D. MCBEE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2017 C 000067.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Christopher J. Joyce*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*John Michael Buchenic*, 320 North Main Street, Hubbard, OH 44425 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Brandon D. McBee, appeals his sentence after pleading guilty to involuntary manslaughter. We affirm.

{¶2} McBee's indictment charges involuntary manslaughter, corrupting another with drugs, and aggravated trafficking of drugs. Following discovery, McBee pleaded guilty to involuntary manslaughter, a first-degree felony in violation of R.C. 2903.04(A),

and the other charges were dismissed. After securing a presentence investigation report, the trial court sentenced McBee to the maximum prison term, eleven years.

{¶3}  McBee's first of two assigned errors asserts:

{¶4}  "The trial court committed prejudicial error in considering the 'serious physical harm' to the victim as an aggravating factor for sentencing purposes where Defendant-Appellant Brandon McBee pleaded guilty to the crime of Involuntary Manslaughter in violation of R.C. 2903.04(A), which has as one of its elements the death of the victim."

{¶5}  Our standard of review is dictated by R.C. 2953.08(G)(2):

{¶6}  "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶7}  "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶8}  "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶9}  "(b) That the sentence is otherwise contrary to law."

{¶10}  There is no dispute that McBee's 11-year sentence is within the statutory range for this first-degree felony offense. Instead, McBee claims his sentence is contrary

2

to law because the trial court erroneously considered as a seriousness factor the fact the victim suffered "serious bodily harm," which he claims is an element of the offense that a sentencing court *cannot* consider when addressing the seriousness of the offense under R.C. 2929.12(B).

{¶11}     A court imposing a felony sentence is required to consider the seriousness and recidivism factors found in R.C. 2929.12 to confirm a sentence complies with the overriding purposes of felony sentencing.  R.C. 2929.12(B) sets forth the following factors the trial court must consider as indicating the offender's conduct is more serious than conduct normally constituting the offense:

{¶12}     "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

{¶13}     "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

{¶14}     "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

{¶15}     "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

{¶16}     "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

{¶17}     "(6) The offender's relationship with the victim facilitated the offense.

3

{¶18} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.

{¶19} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

{¶20} "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children."

{¶21} R.C. 2929.12(C) sets forth the following factors the trial court must consider as indicating the offender's conduct is less serious than conduct normally constituting the offense:

{¶22} "(1) The victim induced or facilitated the offense.

{¶23} "(2) In committing the offense, the offender acted under strong provocation.

{¶24} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

{¶25} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

{¶26} Finally, R.C. 2929.12(D) and (E) set forth factors the trial court must consider to determine the likelihood of recidivism.

**{¶27}** In rendering McBee's sentence, the trial court considered the "serious physical harm" caused to the victim, and it did not explain or state the factual basis for this finding. The prosecutor provided the factual basis at McBee's plea, stating:

**{¶28}** "Had this matter proceeded to trial, the State believes that it would have proven beyond a reasonable doubt that on or about the date specified in the Indictment, the Defendant sold drugs to Thomas Gardner. Those drugs, your honor, turned out to be fentanyl.

**{¶29}** "Mr. Gardner used those drugs and died as a result of an overdose of the fentanyl."

**{¶30}** Nevertheless, McBee is not challenging the finding of fact that the victim suffered serious physical harm, but instead claims the trial court was precluded from considering this as a seriousness factor because it is an element of the offense. In support, McBee relies on *State v. Stroud*, 7th Dist. Mahoning No. 07 MA 91, 2008-Ohio-3187, which vacated Stroud's sentence and remanded for resentencing, explaining:

"[T]he only factor the trial court relied upon when sentencing Stroud to the maximum possible prison term was the fact that a person died when the offense was committed. However, this was an element of the offense and the trial court did not explain why that fact was more than simply an element of the offense. Accordingly, the trial court acted contrary to law when it sentenced Stroud." *Id.* at ¶2; *Accord State v. Polizzi*, 11th Dist. Lake No. 2018-L-063, 2019-Ohio-2505, ¶ 28 and *State v. Martin*, 11th Dist. Lake No. 2018-L-060, 2019-Ohio-2504, ¶ 26 (holding in part that a court is precluded from elevating the seriousness of an offense by relying on a factor that is also an element of the charged offense.).

{¶31} Contrary to McBee's argument, however, involuntary manslaughter does *not* require proof of serious physical harm. R.C. 2903.04(A), *Involuntary Manslaughter,* states: "No person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony."

{¶32} Although death typically entails "serious physical harm" as that term is defined, the terms are not synonymous. "[D]eath" is "[t]he ending of life; the cessation of all vital functions and signs." *Black's Law Dictionary* (10th ed. 2014).

{¶33} Whereas, "serious physical harm to persons" means any of the following:

{¶34} "Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

{¶35} "Any physical harm that carries a substantial risk of death;

{¶36} "Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

{¶37} "Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

{¶38} "Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5)(a)-(e).

{¶39} Thus, there could be cases in which a trial court may rely on the "serious physical harm" endured by the victim as indicating the offender's conduct is more serious than conduct normally constituting the offense when sentencing for involuntary manslaughter. However, the record here does not detail or reference any "serious

6

physical harm" preceding death that would render McBee's conduct more serious than conduct normally constituting the offense. Thus, reliance on this factor was improper.

**{¶40}** Notwithstanding, *Stroud* is distinguishable from this case because the sentencing court in *Stroud* gave only one reason for imposing the maximum sentence. *State v. Stroud,* 7th Dist. Mahoning No. 07 MA 91, 2008-Ohio-3187, ¶48. Unlike *Stroud*, the trial court here made several other findings supporting its decision to impose the maximum term, stating:

**{¶41}** "I find one of the factors which would indicate that Mr. McBee's conduct is more serious is that the victim suffered serious physical harm.

**{¶42}** "I do also find the factor which also makes the offender's conduct less serious, I do find that the victim induced or facilitated the offense.

**{¶43}** "In reviewing the factors which would make Mr. McBee's recidivism more likely, I find that almost all of those factors apply in this case.

**{¶44}** "I find that the offense was committed while Mr. McBee was on post release control, and that Mr. McBee was released from prison on February 6th, 2016, and on or about August 3rd, 2016, this offense was committed.

**{¶45}** "So that was a little under six months from when, that this crime was committed from when Mr. McBee was released from prison.

**{¶46}** "I also find that he has a history of criminal convictions, as well as juvenile delinquency adjudications, and those criminal convictions include two trafficking offenses, and the second one was the one he just was released from prison on * * * as well as the other offenses of violence.

**{¶47}** "I also find that Mr. McBee has not responded favorably to sanctions previously imposed in * * * both adult and juvenile court.

**{¶48}** "I also, while I did hear Mr. McBee apologize, I do find that he shows no genuine remorse.

**{¶49}** "As far as the factors which would indicate that recidivism is less likely, I don't find that any of those factors are met, based upon the information that is before me.

**{¶50}** "I have reviewed the entire pre-sentence investigation, and I have read the letters that were written, numerous letters that were written from the victim's family."

**{¶51}** Thus, the court's imposition of the maximum sentence is supported by the fact that McBee committed this offense while on post-release control; had a history of trafficking convictions; and had not responded favorably to past criminal sanctions. The court also notes that while McBee did apologize, it does not believe his remorse is genuine.

**{¶52}** Accordingly, the court's "serious physical harm" finding is harmless here because imposition of the maximum allowable prison term is otherwise supported by the record and is not clearly and convincingly contrary to law. R.C. 2953.08(G)(2) and Crim.R. 52(A). McBee's first assigned error lacks merit.

**{¶53}** His second assigned error asserts:

**{¶54}** "The Trial Court committed prejudicial error by imposing a sentence that was not supported by the record, where the Court found McBee's conduct to be more serious for showing no genuine remorse."

8

**{¶55}** Here, McBee claims the court's finding that he lacked genuine remorse is not supported by the record and reversal is warranted because he apologized at the sentencing hearing. We disagree.

**{¶56}** As he claims, McBee apologized to the victim's family members at the sentencing hearing. However, courts are not required to believe that a defendant is remorseful simply because he apologizes. *State v. Benore,* 6th Dist. Ottawa No. OT-04-021, 2005-Ohio-2944, ¶35. The trial court, as trier of fact, is in the best position to determine the credibility and genuineness of a defendant's stated remorse. *State v. Davis,* 11th Dist. Lake Nos. 2003-L-027, 2003-L-028, and 2003-L-029, 2004-Ohio-2076, at ¶29.

**{¶57}** As stated previously, the trial court simply did not find McBee's apology was sincere. It concludes, "while I did hear Mr. McBee apologize, I do find that he shows no genuine remorse." Thus, we find no error, and McBee's second assigned error lacks merit.

**{¶58}** The trial court's decision is affirmed.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.