[Cite as *State v. Wolford*, 2020-Ohio-888.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 19AP-284 |
| | | (C.P.C. No. 18CR-2432) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Virgil J. Wolford, Jr., | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 10, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Yeura Venters*, Public Defender, and *Robert D. Essex*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Virgil J. Wolford, Jr., appeals from a judgment of the Franklin County Court of Common Pleas convicting him of one count of attempted felonious assault and two counts of aggravated menacing. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} In May 2018, the Franklin County Grand Jury indicted Wolford on one count of felonious assault in violation of R.C. 2903.11, a second-degree felony, and two counts of aggravated menacing in violation of R.C. 2903.21, first-degree misdemeanors. Wolford initially pleaded not guilty to the charges. In March 2019, Wolford pleaded guilty to the lesser-included offense of attempted felonious assault in violation of R.C. 2923.02, as it relates to R.C. 2903.11, a stipulated third-degree felony, and to the two counts of aggravated

menacing as charged in the indictment. At the plea hearing, the prosecutor gave the following recitation of the facts giving rise to the indictment:

> On May 1st, 2019, at 10:41 p.m., Columbus Police Officers responded to 573 Ryan Avenue on a stabbing out of domestic situation. The caller later identified as [C.K.] told the dispatcher that his father, the Defendant, Virgil Wolford, was on top of his mother, [B.K.]. [C.K.] told the dispatcher that [B.K.] had been stabbed during the altercation.
>
> Officers arrived and made entry into the residence and conducted a search for the victim and the suspect. A body camera footage shows [B.K.] lying on her bed in a large pool of blood. Officers – then it appeared Mr. Wolford in the east bedroom. He was seated on the floor near the door entrance with a shotgun pointed to his head.
>
> Mr. Wolford was told repeatedly to drop the shotgun. Mr. Wolford said no and refused to comply with multiple orders to drop the weapon. Mr. Wolford then pointed the shotgun at Officer Kracht. Officer Kracht fired his service weapon and struck Mr. Wolford.
>
> After being shot, Mr. Wolford rolled on the floor to his right side, dropping the shotgun from his hands. Mr. Wolford then yelled "Kill me" at the officers.
>
> Officer Dorsey observed Mr. Wolford reaching for his shotgun again. Officer Dorsey yelled, "He's reaching. He's reaching for it." Officers again told Mr. Wolford to stay away from the weapon.
>
> Mr. Wolford refused to comply while reaching for the shotgun, yelled "Kill me" again. Officer Dorsey fired his service weapon striking Mr. Wolford. Mr. Wolford pulled – rolled over his back and he was taken under control and handcuffed.
>
> [B.K.] was treated at the scene, I believe. The report says that she was transported to an area hospital; however, my understanding is she refused really any medical treatment beyond a bandage. This all took place in Franklin County, Ohio.

(Mar. 6, 2019 Tr. at 12-14.) Wolford took no exception to the prosecutor's recitation of facts.

{¶ 3}    The trial court sentenced Wolford to 36 months in prison as to the attempted felonious assault count and 6 months in prison as to each of the two aggravated menacing counts.  The trial court ordered these sentences to be served concurrently with each other.

{¶ 4}    Wolford timely appeals.

## II.  Assignment of Error

{¶ 5}    Wolford assigns the following error for our review:

> The trial court erred to the prejudice of the appellant when it imposed a maximum prison sentence based on a finding that is not supported by the record.

## III.  Discussion

{¶ 6}    In his sole assignment of error, Wolford asserts the trial court erred in imposing a maximum prison sentence of 36 months for his felonious assault conviction based on a finding that is not supported by the record.  This assignment of error is not well-taken.

{¶ 7}    An appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law.  *State v. Ward*, 10th Dist. No. 19AP-266, 2020-Ohio-465, ¶ 31.  *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law").  "In determining whether a sentence is contrary to law, an appellate court must review the record to determine whether the trial court considered the appropriate statutory factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines."  *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27, citing *State v. Altalla*, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, ¶ 7.

{¶ 8}    In sentencing a felony offender, the trial court must consider the overriding purposes of sentencing, which are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government

resources." R.C. 2929.11(A). This requires consideration of "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *State v. Wilburn*, 10th Dist. No. 17AP-602, 2018-Ohio-1917, ¶ 7. "Further, pursuant to R.C. 2929.12(A), the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, as well as the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of recidivism, along with any other relevant factors." *Id.* R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the victim suffered serious physical, psychological, or economic harm, R.C. 2929.12(B)(2); whether the offender's relationship with the victim facilitated the offense, R.C. 2929.12(B)(6); and whether the offender was motivated by prejudice based on, among other things, gender, in committing the offense, R.C. 2929.12(B)(8). R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense.

{¶ 9} As part of the trial court's consideration of all of the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of Wolford's conduct, it indicated its finding that Wolford was motivated by prejudice based on the female gender of his victim. In this appeal, Wolford argues the record does not support the trial court's finding as to gender prejudice. While we acknowledge that R.C. 2929.12(B)(8) can apply in circumstances involving domestic violence, *see State v. Barber*, 10th Dist. No. 17AP-59, 2017-Ohio-7904, we find it unnecessary in this case to determine whether the trial court erred in finding that Wolford's conduct was motivated by prejudice against women. Any error as to this finding under R.C. 2929.12(B)(8) was harmless error.

{¶ 10} Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights" and "shall be disregarded." Crim.R. 52(A). "Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right." *State v. Koss*, 10th Dist. No. 13AP-970, 2014-Ohio-5042, ¶ 41; *see State v. Smith*, 4th Dist. No. 01CA13, 2002-Ohio-3402, ¶ 64, citing *State v. Sibert*, 98 Ohio App.3d 412 (4th Dist.1994) (the appellant has the burden to establish that any error is prejudicial). In addition to finding gender prejudice as a motivating factor in Wolford's commission of the crime

against B.K., the trial court found the presence of other factors indicating his conduct was more serious than conduct normally constituting the offense. In particular, the trial court found that Wolford inflicted serious physical and psychological harm and that Wolford's relationship with B.K. facilitated the offense. Moreover, based on its analysis of the likelihood of recidivism factors set forth in R.C. 2929.12(D) and (E), the trial court found that it is likely that Wolford will commit crimes in the future. Other than the gender prejudice finding, Wolford does not challenge the trial court's findings pertaining to the seriousness of his conduct. Nor does he challenge the trial court's finding that he is likely to commit crimes in the future. Thus, any error in the trial court's consideration of R.C. 2929.12(B)(8) was harmless. *State v. McBee*, 11th Dist. No. 2017-G-0149, 2019-Ohio-2967, ¶ 52 (trial court's erroneous serious physical harm finding was harmless "because imposition of maximum allowable prison term [was] otherwise supported by the record and [was] not clearly and convincingly contrary to law"); *State v. Glover*, 4th Dist. No. 07CA17, 2007-Ohio-5868, ¶ 15 ("any arguable error in determining that the victim suffered psychological harm is harmless * * * [because] the trial court found other seriousness factors from R.C. 2929.12(B)"); *State v. Hunger*, 11th Dist. No. 2005-L-127, 2006-Ohio-6533, fn. 4 (trial court error in finding the victim suffered psychological harm "standing alone, is harmless, as the trial court's consideration of the remaining factors of R.C. 2929.12(B) support its determination of the seriousness of the offense").

{¶ 11} For these reasons, we overrule Wolford's sole assignment of error.

## IV. Disposition

{¶ 12} Having overruled Wolford's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and BROWN, J., concur.