[Cite as *State v. Butcher*, 2020-Ohio-3524.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.     19CA0038-M |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ZACHARY BUTCHER | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellee | CASE No.     18 TRC 08747 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

CARR, Judge.

{¶1}    Appellant, the State of Ohio, appeals from the judgment of the Medina Municipal Court, granting Appellee, Zachary Butcher's, motion to suppress.  This Court reverses and remands for further proceedings.

I.

{¶2}    Just before 2:00 a.m. on December 15, 2018, Ohio State Highway Patrol Trooper Brandon Betzel spotted Butcher's truck while traveling northbound on State Route 42.  The truck was idling in the driveway of a roadside bar and appeared to be waiting to turn onto the road.  Once Trooper Betzel passed by, Butcher turned right and headed southbound on State Route 42.  Noting that Butcher had failed to signal his turn, the trooper executed a U-turn and began following him.

{¶3}    Trooper Betzel activated his radar as Butcher led him down several side streets.  He determined that Butcher was speeding, so he initiated a traffic stop.  Nevertheless, Butcher continued to drive for about thirty seconds before stopping.  When the trooper spoke with Butcher,

he detected an odor of alcohol and observed that Butcher had bloodshot, glassy eyes. Although he attempted to perform field sobriety testing, Butcher refused to submit to the tests. Based on the totality of his observations, the trooper then arrested Butcher for impaired driving.

{¶4} Butcher was cited for speeding and operating a vehicle under the influence of alcohol. He filed a motion to suppress, and the court held a hearing on his motion. Though the court found that Butcher's traffic stop was based on reasonable suspicion, it determined that his continued detention was not. The court deemed inadmissible any evidence Trooper Betzel obtained after he asked Butcher to step out of his truck (i.e., the point at which the court determined that the detention became unlawful). Based on that determination, the court also found that the trooper lacked probable cause for Butcher's arrest.

{¶5} The State immediately appealed from the trial court's ruling in favor of Butcher on his motion to suppress. In doing so, it certified to this Court that the trial court's ruling "rendered the State's case so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." *See* Crim.R. 12(K). Its appeal is now before us and contains one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE MEDINA MUNICIPAL COURT ERRED IN GRANTING APPELLEE'S
MOTION TO SUPPRESS EVIDENCE.

{¶6} In its sole assignment of error, the State argues that the trial court erred by granting Butcher's motion to suppress. Citing the totality of the circumstances, it argues that Trooper Betzel possessed reasonable suspicion to extend Butcher's detention. For the following reasons, we sustain the State's assignment of error.

{¶7}     A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992).  Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8.  "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶8}     When an officer stops a vehicle for a violation of a traffic law, an investigatory stop occurs. *State v. Johnson*, 9th Dist. Medina No. 03CA0127-M, 2004-Ohio-3409, ¶ 11.  In general, "[a]n investigative stop may last no longer than necessary to accomplish the initial goal of the stop." *State v. Rackow*, 9th Dist. Wayne No. 06CA0066, 2008-Ohio-507, ¶ 8.  *Accord Rodriguez v. United States*, 575 U.S. 348, 135 S.Ct. 1609, 1614 (2015).  If, however, during the investigatory stop "the officer discovers additional facts from which it is reasonable to infer additional criminal activity[,] the officer is permitted to lengthen the duration of the stop to investigate such suspicions." *State v. Williams*, 9th Dist. Lorain No. 09CA009679, 2010-Ohio-3667, ¶ 15.  *Accord State v. Robinette*, 80 Ohio St.3d 234, 241 (1997).  The question is whether, under the totality of the circumstances, the officer possessed reasonable suspicion to extend the detention. *See State v. Ross*, 9th Dist. Lorain No. 12CA010196, 2012-Ohio-6111, ¶ 8.  *See also State v. Slates*, 9th Dist. Summit No. 25019, 2011-Ohio-295, ¶ 24 (officer may conduct field sobriety testing if he has a reasonable suspicion of criminal activity).  "A totality of the circumstances review includes consideration of '(1) [the] location; (2) the officer's experience, training or knowledge; (3) the

suspect's conduct or appearance; and (4) the surrounding circumstances.'" *State v. Kordich*, 9th Dist. Medina No. 15CA0058-M, 2017-Ohio-234, ¶ 7, quoting *State v. Biehl*, 9th Dist. Summit No. 22054, 2004-Ohio-6532, ¶ 14.

{¶9}   Following a hearing on Butcher's motion to suppress, the trial court made the following findings.  Trooper Betzel first saw Butcher at 1:59 a.m., waiting to pull out of a bar on State Route 42.  Butcher drew the trooper's attention when he turned without signaling.  The trooper then made a U-turn and followed Butcher as he turned down several side streets.  The trooper never observed any erratic driving, but initiated a traffic stop because Butcher was driving 10 m.p.h. over the posted speed limit.  Thirty seconds elapsed from the time Trooper Betzel activated his lights until Butcher stopped.  During that time, Butcher continued to drive and turned onto a different street.  While the trooper found his delay suspicious, Butcher testified that he did not want to stop alongside any steep ditches.  The court found his explanation "at least colorable," based on its review of the dashcam recording.

{¶10}   Upon his approach, Trooper Betzel encountered both Butcher and his wife, who was his front seat passenger.  The trooper detected the odor of alcohol coming from the truck and noted that Butcher's eyes were glassy and bloodshot.  Yet, he did not describe the intensity of the odor he smelled or testify that Butcher displayed any other indicators of impairment, such as slurred speech.  Butcher promptly produced his information without incident and claimed that he had last consumed alcohol, "yesterday."  Trooper Betzel did not ask any follow-up questions about his alcohol consumption, such as the exact time he had consumed the alcohol or how many alcoholic beverages he had consumed.  He did ask Butcher where he was headed, however, and found his response suspicious, given his location.  Even so, the trial court only noted the trooper's

suspicion on this point and did not consider it when later evaluating the totality of the circumstances.

{¶11} The trial court found that Trooper Betzel lacked reasonable suspicion to detain Butcher for the purpose of performing field sobriety tests. The court acknowledged that the trooper had stopped Butcher at a late hour, while leaving a bar, but found those two factors, "standing alone," did not provide him with reasonable suspicion of Butcher's impairment. It further found that Butcher's "speeding violation was not itself indicative of impairment," and there was no evidence he had driven erratically. The court stressed that the trooper had merely noted "an unspecified odor of alcohol emanating from a truck with two occupants" and Butcher's "bloodshot and glassy eyes." It determined that the trooper was acting on a hunch when he asked Butcher to exit his truck for the purpose of field sobriety testing. Accordingly, it suppressed "[a]ll evidence obtained from and after the point at which [Butcher] exited his truck * * *."

{¶12} The State argues that the trial court erred in its determination because, under the totality of the circumstances, Trooper Betzel had reasonable suspicion to detain Butcher for the purpose of conducting field sobriety testing. The State notes that the trooper testified to numerous factors in support of his decision to investigate Butcher for possible impairment. Those factors included the late hour, the fact that Butcher was leaving a bar, his failure to signal, his speeding, his abnormal delay in stopping, the nonsensical course of travel he was pursuing, his bloodshot and glassy eyes, and the odor of alcohol emanating from his truck. Further, the State notes that Butcher admitted, at least to some extent, that he had recently consumed alcohol. Based on the totality of the circumstances, the State argues that the trial court committed reversible error when it granted Butcher's motion to suppress.

{¶13} Accepting as true the trial court's factual findings, *see Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8, we must conclude that it erred when it found that Trooper Betzel lacked reasonable suspicion to continue Butcher's detention. This Court has held that an unspecified odor of alcohol, even when coupled with an admission of limited alcohol consumption, will not give rise to reasonable suspicion to detain a driver for field sobriety testing. *State v. High*, 9th Dist. Medina No. 17CA0019-M, 2017-Ohio-8264, ¶ 14. Here, however, Trooper Betzel testified to several other factors that also led him to suspect Butcher was driving while impaired. The trooper stopped Butcher for speeding in the middle of the night after just having left a bar and after having failed to signal a turn. *See State v. Panaro*, 9th Dist. Medina No. 16CA0067-M, 2018-Ohio-1005, ¶ 21-24. The length of time it took him to stop his truck was suspicious to the trooper, *see id.*, as was his route of travel. Though it was 2 a.m. and Butcher claimed to be heading home, the trooper noted that his direction of travel did not make sense. Further, Butcher had bloodshot and glassy eyes, "which are often, but not always, an indication of impairment." *State v. Hochstetler*, 9th Dist. Wayne No. 16AP0013, 2016-Ohio-8389, ¶ 13.

{¶14} While it would have been prudent for Trooper Betzel to ask Butcher additional questions about his alcohol consumption and to describe the intensity of the odor he detected, we cannot conclude that his failure to do so was fatal to his determination of reasonable suspicion. *See State v. Tomko*, 9th Dist. Summit No. 19253, 1999 WL 1037762, *3 (Nov. 3, 1999) (unspecified odor of alcohol, in conjunction with driver's bloodshot eyes, gave rise to reasonable suspicion to investigate him for possible alcohol impairment). The trial court indicated that several of the factors the trooper cited in support of his reasonable suspicion determination, *when viewed in isolation*, were insufficient to give him reasonable suspicion to conduct field sobriety testing. Yet, a "reasonable-suspicion determination must be 'based on the *collection* of factors, not on the

individual factors themselves.'" (Emphasis sic.) *State v. Hairston*, 156 Ohio St.3d 363, 2019-Ohio-1622, ¶ 15, quoting *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, ¶ 19. The collection of the factors to which Trooper Betzel testified, when viewed in their totality, support the conclusion that he possessed reasonable suspicion to detain Butcher for the purpose of conducting field sobriety testing. *See State v. Spees*, 9th Dist. Medina No. 17CA0061-M, 2018-Ohio-2568, ¶ 14; *Panaro*, 2018-Ohio-1005, at ¶ 21-24; *Tomko* at *3. Accordingly, the trial court erred when it granted Butcher's motion to suppress on that basis.

{¶15} Because the trial court concluded that Butcher's constitutional rights were violated when Trooper Betzel asked him to exit his truck, it suppressed all the evidence "obtained from and after [that] point * * *." That evidence included Trooper Betzel's observation that the odor of alcohol he detected was coming from Butcher's breath and Butcher's refusal to submit to field sobriety testing. Because the court suppressed that evidence, it did not fully examine the issue of probable cause (i.e., whether the suppressed evidence, in conjunction with the trooper's remaining observations, provided him with probable cause to arrest Butcher). As a reviewing court, we are not in a position to resolve that issue in the first instance. *See State v. Thompson*, 9th Dist. Lorain No. 18CA011292, 2019-Ohio-2269, ¶ 11; *State v. Russell*, 9th Dist. Wayne No. 16AP0037, 2017-Ohio-7923, ¶ 8. On remand, the trial court must reexamine the issue of probable cause and, in doing so, must consider the evidence it erroneously suppressed. The State's sole assignment of error is sustained.

### III.

{¶16} The State's sole assignment of error is sustained for the reasons outlined above. The judgment of the Medina Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

SCHAFER, J.
CONCURS.

HENSAL, J.
DISSENTING.

{¶17} I do not believe this Court has to reach whether Trooper Betzel had reasonable suspicion to extend the length of the stop because the State has not established that it was harmed by the alleged error. "To support the reversal of a judgment, [the] appellant has the burden to

establish that any error was prejudicial." *State v. Sibert*, 98 Ohio App.3d 412, 428 (4th Dist.1994). "[I]t cannot be presumed * * * or left to speculation." *State v. Sherrard*, 9th Dist. Lorain No. 02CA008065, 2003-Ohio-365, ¶ 36 (Carr, J., dissenting).

{¶18} The State spends the entirety of the argument section of its brief arguing that Trooper Betzel had reasonable, articulable suspicion to extend the duration of the traffic stop. It has not identified any specific harm it has suffered from the trial court's granting of Mr. Butcher's motion to suppress. "Harmless error is '[a]ny error, defect, irregularity, or variance which does not affect substantial rights' and 'shall be disregarded.'" *State v. Wolford*, 10th Dist. Franklin No. 19AP-284, 2020-Ohio-888, ¶ 10, quoting Crim.R. 52(A). "Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right." *Id.*, quoting *State v. Koss*, 10th Dist. Franklin No. 13AP-970, 2014-Ohio-5042, ¶ 41; *In re P.T.*, 9th Dist. Summit No. 24207, 2008-Ohio-4690, ¶ 17 ("To demonstrate reversible error, [appellant] has the burden to demonstrate error as well as prejudice resulting from that error."). Based on the limited argument made to this Court by the State in this case, I would conclude that any error by the trial court regarding whether Trooper Betzel had reasonable suspicion to extend the traffic stop was harmless. Crim.R. 52(A); *see also Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out."). I, therefore, respectfully dissent.

APPEARANCES:

J. MATTHEW LANIER, Prosecuting Attorney, for Appellant.

KENNETH STAIDUHAR, Attorney at Law, for Appellee.